# MURF v. MAUPIN.

## [74 South. 614, Division B.]

1. FORCIBLE ENTRY AND DETAINER. *Judgment. Defective description.*
   Where in an action for unlawful entry and detainer the judgment
   in the lower court was for the plaintiff, but plaintiff's affidavit
   was uncertain as to the description of the land and the de-
   scription in the judgment furnished no guide by which the
   property could be located, such judgment on appeal will be re-
   versed.

2. FORCIBLE ENTRY AND DETAINER. *Possession. Burden of proof.*
   Where in an unlawful entry and detainer suit, defendant denied
   possession of the premises sued for, it devolved on the plain-
   tiff to point out what property he claimed was in possession
   of defendant.

3. SAME.
   If the defendant's plea was that he was not in possession, then
   the only judgment rendered could be one for cost against the
   plaintiff reciting that defendant disclaimed possession, or if
   issue joined, would involve only the issue as to whom should
   be taxed the cost.

4. SAME.
   If the controversy turns upon the title deeds as showing the right
   of possession, or if the title deeds were offered to show the
   right of possession, then in that event the title deeds would
   be admissible, not to prove title which is not involved, but to
   prove the right of possession, since right of possession fre-
   quently is determined by title.

APPEAL from the circuit court of Clay county.

HON. T. B. CARROLL, Judge.

Suit by R. L. Maupin against S. N. Murf. From a
judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Kimbrough & Valentine,* for appellant.

We maintain that the court erred in refusing to per-
mit appellant to introduce into the evidence the title deeds

of McCord and Weatherby to S. N. Murf, S. N. Murf to
Mrs. Ida Howard and Mrs. Ida Howard to R. L. Maupin.
We recognize the well settled principle of law that title
deeds may not be introduced in evidence in an action of
unlawful entry and detainer for the purpose of proving
title—the action being merely possessory, but we insist
that the principle is equally as well settled that title
deeds may be introduced in evidence in actions of un-
lawful entry and detainer where the purpose is to show
location, boundaries, right of possession, and character
and extent of possession obtained.

In *Rabe* v. *Fyler,* 10 S. & M. 440, a leading case on
this question the court says: "Inasmuch as the right
of possession was one of the points in controversy the
deed was properly admitted in evidence to enable the
jury to determine that right. The deed is not the foun-
dation of the action but is the mere evidence of the
right to possession. One of the issues submitted was
whether the plaintiff had the right of possession. The
deed was proper in order for the jury to determine that
right." For authority on this question the following
authorities are cited: *Spears* v. *McKay,* 49 So. (Miss.)
554; *Paden* v. *Gibbs,* 40 So. 871, 35 So. (Ala.) 827, 10
S. & M. 170; *Armour Pkg. Co.* v. *Howe,* 62 Kan. 487;
*Wiedeman* v. *Taylor,* 63 Kan. 884; *Clarke* v. *Hutton,*
28 Texas, 123; *Davis* v. *Drummond,* 67 So. 99; *Beck* v.
*Glenn,* 69 Ala. 121; *Poulan* v. *Sellers,* 20 Ga. 228; *Mc-
Donald* v. *Stiles,* 7 Okla. 327; *Roberts* v. *McEwen,* 81
Ill. App. 413; *McGee* v. *Grady* (Tenn.), 12 Lea, 89;
*Corbitt* v. *Nutt* (Va.), 18 Gratt. 624; *Hayes* v. *Altizer,*
24 W. Va. 505; *Allison* v. *Casey,* 4 Baxt. (Tenn.), 587;
*Wilson* v. *Campbell,* 121 Am. State Rep. 406-409 and
extended note; 19 Cyc. 1165-(c) and notes.

In unlawful entry and detainer actions the right of
possession is involved. *Walton* v. *Wall,* 70 So. (Miss.)
549; *Clarke* v. *Bourgeois,* 8 So. (Miss.) 187; *Rage* v.
*Fyler,* 10 S. & M. 440.

The testimony of the appellee taken in its most favorable light shows that he had but a scrambling possession to the land in controversy. This will not maintain the action of unlawful entry and detainer; citing the following authorities: *Blake* v. *McCray,* 4 So. 339; *Banjamin* v. *Reach,* 65 Miss. 347, and 443; *Butler's Case,* 49 Cal. 75; *Taylor's Case,* 56 Ala. 188, 32 L. R. A. (N. S.) 54; 19 Cyc. 1115, 1128, 1132; *Prior's Case,* 65 Mo. 56; *Johnson* v. *West,* 41 Ark. 545; *Keene* v. *Schwizler,* 70 Mo. 409.

The court refused to permit the defendant to introduce before the jury evidence of the survey of the land in controversy and the map of the surveyor showing the exact location. This ruling of the court was contrary to all authority. The authorities hold that location may be shown by surveys. *Paden* v. *Gibbs,* 40 So. 871; *Perry N. S. Co.* v. *Griffin,* 49 So. 554.

The plaintiff in an action of unlawful entry and detainer must show by a preponderance of evidence that he had at and prior to the institution of the suit peaceable and exclusive possession. This the appellee failed to do in this case. 19 Cyc. 1128 and notes; *Taylor Case,* 46 So. 50-136; *Seals Case,* 31 So. 707; *Boggan Case,* 52 So. 705; *Owen* v. *Monroe County Alliance,* 27 So. 383; *O'Donohue* v. *Holmes,* 18 So. (Ala.), 263; *Adams* v. *Helbring,* 107 Cal. 298; *Stile* v. *Homer,* 21 Conn. 507; *Fitzgerald* v. *Quinn,* 165 Ill. 354; *Armstrong* v. *Hendrix,* 67 Mo. 542; *Funkhauser* v. *Colley,* 67 N. J. 132; *Tischler* v. *Knick,* 57 N. Y. Supp. 3; *Clay* v. *Sloan,* 104 Tenn. 401.

The authorities all hold that before an unlawful entry and detainer action will lie it must be shown that the prior possession by the plaintiff was peaceable and exclusive. In *Bowers* v. *Cherokee Bob,* 45 Cal. 495, 504, the court says: "The terms 'peaceable possession' means a possession which is acquiesced in by all others including rival claimants." In *Otten's Lessees* v. *Lowery,* 15 Ga. 336, the court says: "The words 'peaceable

possession' have a meaning very similar to, if not the same as, the words 'quiet enjoyment.' '' It cannot be stated with any degree of accuracy that the appellee ever had any quiet enjoyment of the disputed premises prior to the commencement of this action.

*Roberds and Beckett,* for appellee.

Appellant's contentions on this appeal are five: That the case should be reversed. 1. Because of the refusal of the court to allow the introduction of the title deeds; 2. Because of the alleged refusal of the court to allow the introduction of the map, which it is alleged, defendant wishes to introduce; 3. Because it is alleged that plaintiff's possession of the land was not peaceable, but was only a scrambling possession; 4. Because defendant Murf was not in possession of the land in his own right, but as subtenant from Staggs (no point was made at the trial or in this appeal that Staggs ought to have been joined as a party defendant. That question was never raised; 5. Because it was not shown that at the time of the trial of the case, Mrs. Wier, a coplaintiff, had any right to the possession of the land in controversy.

The question of the introduction of the deeds. In an action of forcible entry and detainer, title considered as a defense is always immaterial. The plaintiff need not establish any title on his part and the defendant will not be permitted to prove as a defense that he was the owner of the property and, therefore, was and is entitled to be in possession thereof. *Wilson* v. *Campbell,* 121 Am. St. Rep. 366. See the voluminous note at page 405.

So it is said in 19 Cyc. 1164 ''evidence of title either in plaintiff or defendant is not admissible.'' *Young* v. *Barr,* 69 Miss. 879; *Parker* v. *Eason,* 68 Miss. 290; *Clark* v. *Bourgeois,* 86 Miss. 1.

In a suit for injury to land, proof that plaintiff claimed to own it and had rented it to one who was in possession is sufficient proof of title. *Gilchrist-Forney Co.* v. *Parker,* 69 So. 290.

In the case of *Rabe* v. *Fyler,* 10 S. & M. 440, on which appellant seems chiefly to rely as a leading case, was a case where a landlord conveyed land to plaintiff. A tenant was on the property at the time. Plaintiff brought unlawful entry and detainer against the tenant. Of course, he had to rely on his deed for the very right to bring the suit.

So, in all of the other cases, cited by appellant, it will be observed that there was some special circumstances rendering title deeds admissible. Such circumstances are exceptional. It is not attempted in this case to show any special justification for the admission of title deeds.

The refusal of the court to allow the map to be introduced is urged as error citing, *Paden* v. *Gibbs,* 40 So. 87, 88 Miss. 274; *Perry N. S. Cl.* v. *Griffin,* 49 So. 554.

The rule decided in these cases was that where the plaintiff describes the land in his affidavit by a certain description, a surveyor would be allowed to show that he had measured out the land according to that description and that it was not the land of which defendant was in possession. There was no such effort in this case. It is undisputed that the pleadings accurately described the land in controversy. The survey and map was made as described in the deeds. It would have simply placed before the jury a highly colored and persuasive sort of map, which might have influenced them in some illegitimate way.

But, as a matter of fact, the map was never offered to be introduced in evidence. It may be that learned council was discouraged from offering it by the fact that the court limited the surveyor's testimony within certain reasonable bounds. But, in fact, the defendant

never offered the map in evidence and the court never ruled on the question of its admissability. Nor did defendant take any exception to the action of the court in ruling out part of the surveyor's testimony.

The erection of a fence around a plot of ground is sufficient, and almost conclusive, evidence of possession. *Allen* v. *Tobias,* 70 Ill. 169; *Campbell* v. *Coonradt,* 22 Kan. 704. Of course, actual residence or personal presence is not necessary in order to maintain possession. See note 121 Am. St. Rep. at page 386 and 387.

If real property is in possession of' a lessee who leaves it unoccupied at the close of his term, his landlord must be regarded as having resumed such possession. *Portio* v. *Murray,* 12 Pac. 425; *Shelby* v. *Houston,* 38 Cal. 410; *Wilson* v. *Shackelford,* 41 Cal. 630; *Wilson* v. *Graham,* 60 Mo. App. 323.

And during the time required for procuring another tenant or other taking of personal possession by the landlord, he is entitled to the same protection and remedy against persons making forcible entry as if he were personally on the premises. *Anderson* v. *Mills,* 40 Ark. 192; *McCormack* v. *McDowell,* 20 Ken. Rep. 854, 90 S. W. 541; *Anderson* v. *R. R. Co.* (Mo.) 107 S. W. 456; *Stevenson* v. *Morrissey,* 22 Ill. App. 258; *Wilson* v. *Campbell,* 75 Kan. 159.

It is manifest that justice was done in the decision of this case, and the grounds of appeal urged by appellant in order to get a new trial, are highly technical excuses, totally disregarding the merits of the case. Under the rules of the supreme court a case will not be reversed for error in the admission or exclusion of evidence or in the giving or refusing of instructions, unless it affirmatively appear from the record as a whole that injustice was done, and in this case the contrary appears.

ETHRIDGE, J., delivered the opinion of the court.

R. L. Maupin filed an unlawful entry and detainer suit against S. N. Murf at West Point, Clay county, Miss., for the possession of a thirty-foot strip of land on some lot in the city of West Point. The property is described in the amended affidavit in the circuit court as follows:

"Certain land described as being a parcel of land in the city of West Point, Clay county, said state, commencing at a point on the southern boundary of Center street in ward one of said city two hundred and fifty-one and one-half feet from the center of the Mobile & Ohio Railroad track where said street crosses said track, running thence south along the east side of said street thirty feet, thence south one hundred feet, thence west twenty-three feet, thence in a northerly direction to point of beginning."

There was a trial on this affidavit, in which the parties dealt with the matter as though the location was understood, but there was nowhere in the evidence any description of the premises to illuminate the description of the affidavit or if it could be made certain by evidence it was not done in the record. There was much proof on each side tending to show that each of the parties had been in possession of some kind, at some time, during the time preceding the suit. It appears that Maupin had bought the land which he claimed to embrace the land in controversy, and that a short while before the controversy arose he had fences rebuilt which had for some years been in decay, and after Maupin had built these fences Murf went upon the premises, tore loose the fences constructed by Maupin so far as thirty feet on the end of the lot was concerned. Murf offered title deeds and the survey of the premises in evidence, but the court excluded it. There was no written plea by Murf in the case, but it appears from the rulings of the court that his plea was that he was not in possession of

the property at the time the suit was brought.    Under
that state of the case the court ruled that the title deed
and survey were incompetent and. irrelevant.    Murf
claims that he had leased this property to a tenant prior
to the bringing of the suit, and that the tenant was then
in possession of the premises, and that he (Murf) was
not in possession of it, and his tenant was introduced
and testified to the same effect.    Mr. Maupin was asked
while on the stand as a witness who was in possession
of it, and claimed that he considered that he was him-
self.    There was testimony tending to show that Murf
had exercised physical dominion over the property sub-
sequent to the filing of the suit, and the court's instruc-
tions indicate that the issue was fought out on whether
Murf was in possession or not.    The jury found for
Maupin in general terms, and thereupon the court en-
tered a judgment.  Following the recital of the verdict
we quote as follows:

"Now, therefore, it is ordered and adjudged by the
court, that it appearing that the defendant is now in
possession of the premises, it is ordered that the plain-
tiff R. L. Maupin have and recover of the defendant
S. N. Murf the possession of the premises in controver-
sy, to wit, a certain lot of land in the city of West Point,
state of Mississippi, commencing at a point on the
southern boundary of a certain street, in ward one of
said city two hundred and fifty-one and one-half feet
from the center of Mobile & Ohio Railroad track, where
said street crosses said track, running thence east along
the south side of said street thirty feet, thence south
one hundred feet, thence thirty-three feet, thence in a
northerly direction to point of beginning.  It is further
ordered by the court that the said R. L. Maupin recover
of the said defendant S. M. Murf all cost of this suit."

It will be noted that this description furnishes no
guide by which the property may be located; also that
it varies from the description contained in the amended
affidavit.    It is due the trial judge to state that this de-

scription was not demurred to or otherwise called to the attention of the court, so far as the record shows. But it is wholly insufficient to support the cause of action. There was a request for a peremptory instruction for the defendant, and, as the defendant had denied possession, it devolved on the plaintiff to point out what property he was in possession of, which neither the affidavit nor the judgment does in this case. The record is in such state that it is hard to decide whether the rulings of the trial judge were proper or not on the title deeds being admitted in evidence. If the defendant's plea was that he was not in possession, then the only judgment rendered would be one for costs against the plaintiff reciting that defendant disclaimed possession; or, if issue joined, would involve only the issue as to whom should be taxed the cost. The action of unlawful entry and detainer is strictly one to obtain possession of property, and no person can be put out of possession who is not in possession. If, however, the purpose of Murf was to contest the right of the possession with Maupin, and if the controversy turned upon the title deeds as showing the right of possession, or if the title deeds were offered to show the right of possession, then in that event the title deeds would be possession frequently is determined by the title. The admissible, not to prove title which is not involved in this suit, but to prove the right of possession. Right of judgment is reversed and remanded.

*Reversed and remanded.*