McCallum *et al.* v. Gavin.*

(Division B.    March 19, 1928.)

[116 So. 94.    No. 26994.]

Forcible Entry and Detainer. *Action for unlawful entry and detainer is possessory and does not adjudicate title as such; in action for unlawful entry and detainer, title deeds are admissible to prove right and extent of possession (Hemingway's Code 1927, section 3511).*

Under section 3511, Hemingway's 1927 Code (section 5039, Code 1906), an action of unlawful entry and detainer is possessory and does not adjudicate title as such; but it is permissible in such a suit to introduce title deeds for the purpose of proving the right and extent of possession. *Murf* v. *Maupin*, 113 Miss. 670, 74 So. 614, cited.

*Corpus Juris-Cyc. References: Forcible Entry and Detainer, 26CJ, p. 812, n. 52; p. 859, n. 51.

Appeal from circuit court of Jasper county, Second district.

Hon. W. L. Cranford, Judge.

Suit by John Gavin against Ella McCallum and others for unlawful entry and detainer. From a judgment for plaintiff, defendants appeal. Affirmed.

*O. M. Oates* and *J. A. McFarland,* for appellants.

The court erred in permitting testimony without limitation or end as to plaintiff's pretended or alleged record title by the various and different instruments constituting deeds, records and assessments to show said title to the lands involved herein, over and above the repeated objections of appellants, which is contrary and adverse to the holdings and decisions of this court in case of unlawful entry and detainer. *Clark* v. *Bourgeois,*

86 Miss. 1, 38 So. 187; *Pagen* v. *Gibbs*, 88 Miss. 274, 40 So. 871.

Appellants contend that if appellee had any lawful claim to the possession of said land he should have asserted the same within one year from the time he claims to have bought the same, which said purchase was in the year 1920. The testimony and record in this case shows that appellee never begun his action for the possession of said land until Aug. 18, 1926. See sec. 3311, Hem. Code 1917.

*J. Madison Travis,* for appellee.

The appellants first assign as error that the court below erred in permitting testimony without limitation or end as to plaintiff's pretended or alleged record title. It will be noticed in the first place that the plaintiff in the presence of the court and the jury impanelled to try this case made the following statement to-wit: "The plaintiff desired to introduce into testimony and evidence in this case the following land deeds and conveyances for the purpose only of showing the plaintiff's right to the possession of the lands in controversy." The court, the jury and everybody knew that the conveyances were introduced to show possession and not title and for the reason that the appellants' ground of defense was that the appellee had not title to the property and thereby had no right to recover the possession of the lands in controversy. In the said two cases relied on by appellant we do not find anything that denies the rights of the introduction of record testimony to show the right of possession, but they simply hold that the court in an action of unlawful entry and detainer will not inquire into and adjudicate title but will only determine the rights of possession. It is our contention that it is a well-established practice of the courts of the land that title deeds and records are admissible to show possession when con-

troversy as to possession turns upon title deeds or records.

In *Murf* v. *Maupin,* 113 Miss. 670, 74 So. 614, this court held: "If controversy as to possession in unlawful entry and detainer suit turned upon title deeds as showing right of possession, such deed would be admissible, not to prove title, but right of possession." See, also, *Rabe* v. *Flyer,* 10 S. & M. 440, 48 Am. Dec. 763; *Fearn* v. *Beirne* (Ala.), 29 So. 558; *McMillan* v. *Reese* (Fla.), 55 So. 388; *Davis* v. *Drumman,* 67 So. 99.

The next error assigned and complained of is that if appellee had any lawful claim to the possession of said land under the law he should have asserted the same within one year from the time he claims to have bought the same. We cannot agree with the appellants that the statute began to run from the time the appellee purchased the land but contend that the one-year statute of limitations of this unlawful entry and detainer case began to run from the expiration date of the rent contract which was Jan., 1926, and the said statute commenced to run from the said Jan., 1926, and the said suit being filed on Aug. 18, 1926, the cause of action was brought in ample time. It is our further contention that the statute did not commence to run until the time the plaintiff was turned out of the possession by force and threats of great bodily harm in Jan., 1926.

Argued orally by *J. M. Travis,* for appellee.

Ethridge, P. J. John Gavin, appellee, brought a suit for unlawful entry and detainer against the appellants for the possession, use, and occupation of certain described lands in the suit, in which suit it is contended that there was a contract for the rental of the said premises, and that same would expire on January 1, 1926. The suit was brought within one year after said date.

The appellants contend that Gavin, plaintiff in the court below, had no right to the possession of the land; and, if so, his right did not accrue within one year prior to the bringing of the suit. They also contended that the court erred in admitting testimony as to the title deed of Gavin and in admitting certain instructions given for him. All questions were disputed issues so far as the right of possession was concerned, and as to whether or not a contract existed between the appellee and the appellants. These disputed facts were submitted to the jury under proper instructions, and the jury found in favor of the appellee. Its verdict on these questions is conclusive here.

The appellants complained of the introduction in evidence of deeds showing the title of the plaintiff to the lands, and contended that the action was entirely possessory and that it was error to admit the title deeds in evidence.

Section 3511, Hemingway's 1927 Code (section 5039, Code 1906), reads as follows:

"Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee or trustee or *cestui que trust,* or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed."

It is true that, under this section, the action is for the possession of the property, and does not adjudicate the

title. Often, however, the right and extent of possession is determined by title deeds. This judgment, involving possession alone, does not adjudicate the title in any sense so as to be *res adjudicata* upon the question of title, but such deeds are often admissible for the purpose of possession. *Murf* v. *Maupin,* 113 Miss. 670, 74 So. 614. The judgment of the court below was in accordance with these views, and the judgment is accordingly affirmed.

*Affirmed.*