HAMILTON v. FEDERAL LAND BANK OF NEW ORLEANS.

(Division B.   Dec. 7, 1931.)

[138 So. 352.   No. 29641.]

L. J. Broadway, of Quitman, for appellant.

J. E. Shirley, of Quitman, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from the circuit court of Clarke county from a judgment in an action of unlawful entry and detainer begun by the appellee against the appellant. It appears that the appellant, Hamilton, was formerly the owner of one hundred twenty-two acres of land, upon which he gave to the Federal Land Bank of New Orleans a deed of trust to secure a loan. Hamilton made default in the payment of the deed of trust, and it was foreclosed, and the land bank became the purchaser at the sale. Hamilton remained upon the premises and took up with one Burwell, an agent of the Federal Land Bank, a proposition to rent the lands. A contract was drawn up for two hundred dollars rent for the premises, twenty-five dollars of which was to be in cash and the balance in a note with the provision that in case of purchase the amount of the note would be applied to the purchase money. Hamilton did not have the money at the time the negotiations were conducted, but was to send the money to Burwell at Stafford Springs the following Saturday. Hamilton procured a cashier's check from a bank at Quitman, Miss., and forwarded it to Stafford Springs, but it did not reach there by Saturday. In the meantime a man by the name of Evans also applied to Burwell to lease the premises and deposited or paid twenty-five dollars and signed a note of like amount with that of Hamilton. These papers, when received by Burwell, were forwarded to the Federal Land Bank at New Orleans for approval or rejection. The contract with Hamilton was rejected, and that with Evans was approved.

Burwell testified that he had no authority to make a binding or completed contract, but that his authority

was limited to taking applications and forwarding contracts for approval of the land bank. When Hamilton's contract was rejected, the note and check were returned to Burwell and by him returned to Hamilton. Hamilton, however, remained upon the place and insisted that he had a right to the use of the premises. Evans moved into one of the houses on the premises and put some tenants in other houses; there being several houses on the premises. He demanded possession of the house that Hamilton occupied, which Hamilton refused to give. Evans then applied to the Federal Land Bank to put him in possession of all the property embraced in the contract, and the Federal Land Bank brought this action for possession of said property.

There was a judgment in the unlawful entry and detainer court for plaintiff, and on appeal to the circuit court the issue was tried by the circuit judge without a jury by agreement, and he rendered judgment in favor of the Federal Land Bank for the possession of the premises. An appeal was taken here, but without supersedeas, and Hamilton was removed from the premises.

It is insisted on appeal that, first, the judgment of the court is wrong, because Hamilton had a right to the premises, for he had complied with the agreement by executing the papers and making the deposit; second, that the appellant was not in possession of the entire premises, and that neither the declaration nor the proof pointed out the particular premises which he was in actual possession of at the time of the institution of the suit; and, third, that the suit should have been instituted by Evans, the lessee, and not by the Federal Land Bank, and the Federal Land Bank had no right to maintain the action.

We will take up the last question first. Under the contract of lease between the bank and Evans, it was the duty of the bank to place Evans in possession of the property. It is true that he got possession of a portion

of the property, but this possession was disputed by Hamilton, who was also in possession of a portion and claiming the right to the entire tract. The Federal Land Bank had a right to institute the action for the purpose of getting possession in itself so that it could deliver possession to Evans. In the second place Hamilton is not in position to invoke the doctrine relied upon by him, Murf v. Maupin, 113 Miss. 670, 74 So. 614, because he did not disclaim possession. His claim of possession extended to the entire tract. The possession of Hamilton and the possession of Evans both were asserted to the entire tract, but neither was in possession actually of the entire tract.

On the right of Burwell to make the contract, his testimony that his authority only extended to taking applications and securing proposed contracts for approval of the land bank is undisputed. It is true that he had forms made out by the Federal Land Bank for notes and contracts, but there is no proof that he had authority to accept or reject the propositions or purchase or lease.

The judgment of the court below must be affirmed.
Affirmed.