# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01350-COA

**CARL RUFUS WALTERS A/K/A CARL WALTERS**    **APPELLANT**

**v.**

**DAIN GATES AND EVELYN DANIEL**    **APPELLEES**

DATE OF JUDGMENT:             11/23/2021
TRIAL JUDGE:                  HON. KELLY LEE MIMS
COURT FROM WHICH APPEALED:    MONROE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       CARL RUFUS WALTERS (PRO SE)
ATTORNEY FOR APPELLEES:       WILLIS HANKS JOLLY III
NATURE OF THE CASE:           CIVIL - REAL PROPERTY
DISPOSITION:                  AFFIRMED - 05/16/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Carl Walters filed a pro se complaint in the Monroe County Circuit Court in which he asserted various claims related to a house in Aberdeen. The defendants and record owners of the property, Dain Gates and Evelyn Daniel, filed an answer, a counter-complaint for unlawful entry and detainer and/or ejectment, and a motion to dismiss for failure to state a claim or lack of subject matter jurisdiction. The circuit court granted Gates and Daniel a judgment for possession and dismissed Walters's complaint for lack of subject matter jurisdiction. The court reasoned that Walters's claim for adverse possession belonged in chancery court. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Gates and Daniel are the record owners of a house on Hardy Street in Aberdeen.[1] Walters alleges that he moved into the house in 2003 with the permission of his grandmother, Mary Lee Paine, who died later that year. Walters alleges that he has lived in the house continuously since 2003.

¶3.     In May 2021, Walters filed a pro se complaint in circuit court that named Gates and Daniel as defendants and asserted claims related to the house. Walters alleged that during the eighteen years he had lived in the house, he had painted the house, repaired the roof, mowed the yard, and maintained the property. Walters's complaint stated that he would "also seek relief in [c]hancery court under adverse [p]ossession [l]aws," citing Mississippi Code Annotated section 15-1-13.[2]

¶4.     Gates and Daniel filed an answer, a counter-complaint for unlawful entry and detainer and/or ejectment, and a motion to dismiss Walters's complaint for failure to state a claim or lack of subject matter jurisdiction. Gates and Daniel claimed that they were the record owners of the property, and they denied that Walters was entitled to possession. Gates and Daniel also argued that Walters's complaint should be dismissed because it asserted equitable claims within the exclusive subject matter jurisdiction of the chancery court, including a

---

[1] Gates and Daniel alleged that they received an executor's deed for the property in 2019. Their counter-complaint stated that a copy of the deed was attached as Exhibit A, but no copy of the deed was filed with the counter-complaint. In any event, Walters does not challenge the existence of the deed. Rather, he argues that the deed was "void ab initio."

[2] The statute provides: "Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title . . . ." Miss. Code Ann. § 15-1-13(1) (Rev. 2019).

claim of title to the property and a request to cancel their deed.

¶5. Walters responded with a pro se "brief in support of [his] complaint." In his brief, Walters clarified that he "ha[d] filed a complaint alleging that he has the rights of an owner, and is the owner, of the property and house on . . . Hardy Street . . . by virtue of the law set forth in Mississippi Code Annotated Section 15-1-13(1)." Walters argued, "The fact that [Gates and Daniel] are holders of a deed or title is not dispositive." Walters alleged that Gates and Daniel's deed was "void ab initio." Walters then set forth in detail his allegations regarding each element of his claim for adverse possession. Finally, Walters concluded by stating that the circuit court "should find that [he] was in adverse possession and entitled to full and complete title long before" Gates and Daniel obtained their deed.

¶6. The circuit court held a hearing in the case in November 2021. During the hearing, the circuit judge stated that he would dismiss Walters's complaint for lack of subject matter jurisdiction and grant Gates and Daniel a judgment for possession on their counter-complaint. The judge asked Walters if he intended to pursue a claim for adverse possession in chancery court, and Walters answered, "Yes, sir." The judge then stated that the judgment of possession would allow Walters ninety days before having to vacate the property so that Walters could seek relief in chancery court. After the judgment was entered, Walters filed a notice of appeal. During the appeal process, the circuit court granted Walters a full stay of the judgment pending appeal.

**ANALYSIS**

¶7. Walters continues to represent himself on appeal. Walters's arguments on appeal, as

best we can discern them, are that the circuit court erred by (1) "failing to take as true the facts alleged by [Walters]"; (2) not holding Gates and Daniel's claim for possession "in abeyance pending the resolution of [Walter's adverse possession] claim in chancery court"; and (3) not granting Walters a "declaratory judgment," pursuant to Mississippi Rule of Civil Procedure 57, that he owns the property by adverse possession. We limit our discussion to the issues fairly raised in Walters's brief.[3]

¶8.      We begin by noting that Walters makes clear that the relief he seeks is title to the subject property based on adverse possession and cancellation of Gates and Daniel's deed. The circuit court properly recognized that such a claim to confirm or quiet title should be brought in chancery court. Miss. Const. art. 6, §§ 159-60; *Harvey v. Fed. Nat'l Mortg. Ass'n*, 200 So. 3d 461, 465 (¶17) (Miss. Ct. App. 2016); *White v. Usry*, 800 So. 2d 125, 129 (¶14) (Miss. Ct. App. 2001).[4]

¶9.      As to Walters's first argument on appeal, taking his factual allegations "as true" does

---

[3] *See Rosenfelt v. Miss. Dev. Auth.*, 262 So. 3d 511, 519 (¶27) (Miss. 2018) ("[W]e decline to address an issue that has not been briefed on appeal."); *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017) (stating that "although we afford [pro se litigants] some leniency," we will "address only those issues that are presented in a reasonably intelligible manner" (quotation marks omitted)); *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.").

[4] Walters does not argue that the circuit court should have transferred his complaint to the chancery court rather than dismissing it (without prejudice) for lack of jurisdiction. *See* Miss. Const. art. 6, § 157.

4

not impact the jurisdictional issue.[5] Regardless of the truth of Walters's allegations, he seeks to establish title to the property by adverse possession and cancellation of a deed. Again, the circuit court properly determined that such a claim should be brought in chancery court.

¶10. Walters fails to cite any authority to support his second argument on appeal—that the circuit court should have held Gates and Daniel's claim "in abeyance pending the resolution of [Walter's adverse possession] claim in chancery court." This argument fails for that reason alone.[6] Moreover, as Gates and Daniel concede, the circuit court's entry of a judgment of possession does not affect Walters's ability to pursue his adverse possession claim in chancery court. The judgment of possession "involv[es] possession alone" and "does not adjudicate the title in any sense so as to be res adjudicata upon the question of title." *McCallum v. Gavin*, 149 Miss. 885, 889, 116 So. 94, 95 (1928). Accordingly, Walters remains free to pursue his adverse possession claim in chancery court. Finally, we note that the circuit court *did* stay its judgment to give Walters a chance to pursue relief in the chancery court. As stated above, the circuit court initially stayed its judgment for ninety days and later granted Walters a full stay of the judgment pending appeal. Thus, the judgment has now been stayed for well over a year. But despite the stay granted by the circuit court, Walters does not appear to have pursued any relief in chancery court.

¶11. Walters's third argument on appeal is that the circuit court should have granted him

---

[5] *See, e.g., Am. Fid. Fire Ins. v. Athens Stove Works Inc.*, 481 So. 2d 292, 296 (Miss. 1985) ("The existence of subject matter jurisdiction—the authority to hear a given type of case at all—turns on the well pleaded allegations of the complaint which are taken as true.").

[6] *See, e.g., Simmons v. State*, 805 So. 2d 452, 487 (¶90) (Miss. 2001) ("Failure to cite relevant authority obviates the appellate court's obligation to review such issues.").

a declaratory judgment, pursuant to Mississippi Rule of Civil Procedure 57, that he owns the property by adverse possession. This argument fails because Walters never requested that the circuit court enter a declaratory judgment, and the "trial judge cannot be put in error on a matter which was never presented to him for decision." *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988). Procedural bar notwithstanding, the Mississippi Supreme Court has explained that "our law's authorization of the declaratory judgment procedure in Rule 57 . . . is jurisdictionally neutral." *Burnette v. Hartford Underwriters Ins.*, 770 So. 2d 948, 952 (¶13) (Miss. 2000) (quoting *Tillotson v. Anders*, 551 So. 2d 212, 214 (Miss. 1989)). Accordingly, the remedy of a declaratory judgment "may be sought only in a court of otherwise competent jurisdiction. Indeed, nothing in the Mississippi Rules of Civil Procedure may be construed to extend or limit the subject-matter jurisdiction of our trial courts." *Id.* Therefore, Walters would not have been able to litigate his adverse possession claim in circuit court simply by repackaging it as a request for a declaratory judgment. This issue is also without merit.

¶12. "It is axiomatic that the trial court's judgment is presumed to be correct and that the appellant bears the burden of showing reversible error in the court below." *Concerned Citizens of Raven Wood Subdivision v. Pearl River County*, 172 So. 3d 1234, 1236 (¶10) (Miss. Ct. App. 2014). For the reasons explained above, Walters fails to demonstrate any reversible error in the circuit court's judgment. Furthermore, an appellate court "is under no obligation to consider [an] issue beyond the arguments presented, and we decline to do so" here. *Kansler v. Miss. Dep't of Revenue*, 263 So. 3d 641, 655 (¶40) (Miss. 2018). Therefore,

6

we affirm the judgment of the circuit court but express no opinion on Walters's claim for adverse possession or any other issue not addressed in this opinion.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**