## CAMPBELL *v.* CASON, et al.

In Banc. April 25, 1949.

(40 So. (2d) 258)

Means Johnson, for appellant.

424

426

**H. T. Odom** and **W. M. Whittington, Jr.**, for appellee and cross-appellant Scott.

428

430

**C. Sidney Carlton** and **R. H. Henderson,** for appellee and cross-appellant Cason.

432

433

434

436

Alexander, J.

T. P. Cason died November 13, 1945, leaving as his only heirs at law his widow, appellant here, and his adopted son. He left a will whose details will be later disclosed. His widow renounced the will, and the litigation here seeks a determination of her legal share of the estate.

Pertinent provisions of the will are as follows: "Item I. I direct that my funeral expenses, and all my just debts that shall be properly probated against my estate, as provided by law, shall first be paid, except secured debts not due."

Item II left an undivided one-half interest in his entire estate to appellant, his wife, "Except as to my Southeastern Life Insurance Company Policy."

Item III make a similar provision for his son with the stated exception.

Item VIII bequeathed the proceeds of the aforesaid policy, payable to his estate, to a trustee with authority and directions to use same for the benefit of named legatees. The residue of such proceeds were set up as a trust for the education of his son. Relevant provisions under the trust will be hereafter discussed.

 Part of the estate consisted of a valuable plantation against which there was a debt secured by a deed of trust thereon in favor of the Metropolitan Life Insurance Company in the sum of $22,500. Appellant contends that, in view of her renunciation, this secured indebtedness was subject to payment out of the general funds of

the estate. This debt was not probated, despite pressure upon the mortgagee to do so. The chancellor held that the debt was not a charge upon the estate, but that the widow and the son took their undivided interests therein cum onere. With this conclusion we agree.

In adjudging this and all other findings of the chancellor, we must construe the rights of appellant, and the obligations of the estate, and its executor, as if T. P. Cason had died intestate. Gordon v. James, 86 Miss. 719, 39 So. 18, 1 L.R.A.,N.S., 461; Code 1942, Section 668.

Under this statute, together with Section 670, the widow would be entitled to one-half of his net estate. It remains to ascertain the extent of such interest.

The insurance company, being a secured creditor, was free to stand upon its security and was under no duty to probate its debt. Howell v. Ott 182 Miss. 252, 180 So. 52, 181 So. 740. The estate is liable only for debts duly probated. Code 1942, Section 571. Appellant contends, however, that the Court is vested with authority to direct the payment of debts constituting charges against these lands though the executor may not do so, citing Gordon v. James, supra, and Rainey v. Rainey, 124 Miss. 780, 87 So. 128. The cases, however, deal with testamentary charges against lands for the payment of debts. Nor is the expression "except secured debts not due," in Item I, adequate to exempt such debts when probated from liability of the estate. The lands here were assets only to the extent of the equity therein. The widow is entitled to a one-half interest in this equity. By denying any obligation upon the estate to discharge this debt, or any part thereof, it would seem that the divisible portion of the cash assets and personalty are therefore undiminished, and under ordinary circumstances it would be available to the widow for liquidation of the debt, thereby producing the same result. However, it is argued that this situation is subjected to complexity by the fact that the son's devise of one-half interest in the lands was made a factor. It is asserted by ap-

pellee that the object of appellant's claim is to procure exoneration of the son's interest. We are unmoved by any considerations save those obligations and restrictions imposed by law.

Likewise, we find no merit in the contention that the exception in Item I as to "secured debts not due" operates to alter the obligation of the estate to pay the probated claim of Ben Goodman representing a balance due under a secured claim. This obligation of the estate is imposed by law, and is not subject to impairment at the will of a testator. As stated in Gordon v. James, [86 Miss. 719, 39 So. 21], her renunciation is an "election between the provision made for her by the will of her husband and the law of the land." No condition may encumber the duty of the executor to pay this probated claim in full except a deficiency in the available assets of the estate, which contingency here appears absent.

It is next assigned as error that the decree directed the executor to pay to himself as trustee the entire proceeds of a life insurance policy issued by the Southeastern Life Insurance Company upon the life of T. P. Cason and made payable to his estate. These proceeds constitute a trust fund under Item VIII of the will, as heretofore stated. The provisions of such trust, immediately relevant, are Paragraphs 6 and 10, in view of the direction in the decree that the trustee "shall make no distribution of any of the funds growing out of said insurance policy until the amount of liability of the said trustee to R. L. Cason under subdivisions 6 and 10 of Paragraph VIII of said will shall have been determined."

These paragraphs are as follows: "(6th) At the death of my father R. L. Cason, pay all of his funeral expense, Dr. bills, Drug bills, and grocery bills if any payable, all bills not to exceed $500.00." And, "(10th) Pay to my Sister Mrs. Effie Cason Scott, on the 1st of each month following my death the sum of $35.00 to be used as she deems necessary for the living expense of my father R. L. Cason, until his death, also pay his Doctor bills, and

drug bills on the 1st day of each month as long as he lives.''

█ The net proceeds of this policy are $21,819.82. The final account of the executor reveals a substantial net personal estate. R. L. Cason is at this time of advanced age. The limit of benefits to him are funeral expenses and outstanding accounts of his at his death, not to exceed $500, and a maximum subsistence of $35 per month during his life. These contingent liabilities are inconsequential in comparison with the net personal estate of the testator. We see no practical necessity for suspending a settlement of the estate, particularly an award to the widow, pending ascertainment of these liabilities. In this, we are not in accord with the learned chancellor.

█ The net personal estate above the funds in trust appear adequate to satisfy an award to the wife of her one-half interest in such net personal estate without impairing the trust fund. However, if this be not the case, she is nevertheless entitled to one-half of the net personal estate even though the trust fund must suffer impairment to effect this end.

The son, it must be noted, is a residuary legatee or cestui que trust under Item VIII, Paragraph (12), which is as follows: ''After the amounts herein stipulated have been disbursed the remainder of said life insurance, shall be set up as a trust fund for my adopted son, Robert Gean Cason, . . . .'' None of the beneficiaries under the trust with exception of the son are legal heirs of the testator. Their interests are subject to ratable abatement if such need should arise. Yet, all such beneficiaries are specific legatees and the abatement must first fall upon the residuary estate of the son under this item. The chancellor was correct in holding that the son took, not as an heir, but under the will.

█ Point is made that funds arising out of rentals from the real estate for the years 1946 and 1947, which were collected and held by the executor, should be paid

to the widow and the guardian of the son. We agree. Against the gross collections, there were paid expenses of upkeep, repairs and the like, of approximately $4,034.20, leaving a net balance of about $9,511.80. These funds are not properly part of the assets of the estate, and, no complaint being made as to the correctness or propriety of these expenses of maintenance, they should be paid forthwith equally to the widow and the guardian.

 █ The cross-appeal urges error by the chancellor in failing to constitute Mrs. Effie Cason Scott and her husband constructive trustees of the Cason homestead in Oglethorpe, Georgia. The contention brings into view Paragraph (2) of Item VIII, which is as follows: "Pay to my sister Mrs. Effie Cason Scott, the sum of $5,000.00 to be used as a bid on the property owned by my brother W. G. Cason, and Mrs. Effie Cason Scott, located at Oglethorpe, Georgia, Macon County, when said property is sold by the W. G. Cason estate & Effie Cason Scott, if this bid is accepted, then said lands shall be deeded to Robert Gean Cason, my adopted son. However, my stepmother Mrs. R. L. Cason, shall remain on the property if she so desires, until Robert Gean Cason, my adopted son, shall reach the age of twenty-one years, provided that she shall pay $200.00 per year rent or 4% interest on the above investment, keep buildings in repairs, and pay all taxes assessed by both County, and city." Paragraph (4) thereof states further: "Should the $5,000.00 as above stated fail in making the purchase of said lands, then I direct that same be divided between my two Sisters Mrs. Howard Cason Brock, and Mrs. Effie Cason Scott, (2,500.00) each, as a gift for their love and kindness during my lifetime." Other directions were given upon an assumption that the property would be purchased under a contemplated bidding. There was no direction to purchase this property at all events. The testator could not compel the owners to sell. One of the present owners is Mrs. Effie Cason Scott who is the alternative legatee under Paragraph (4). We are of the opin-

ion that no obligation was or could be imposed upon the owners to sell this property, and that, in the absence of such a sale in accordance with the assumptions of the testator, Paragraph (2) fails, and Paragraph (4) is made operative.

We have dealt with those provisions of the will only which are involved in the assignment and cross-assignments of error. We recapitulate our findings:

(1) In view of the fact that all probated accounts have been paid, appellant as widow of the testator is entitled to an undivided one-half interest in all realty, and a one-half interest in all of the net personal estate.

(2) The widow's interest in the lands secured by an unprobated debt to the Metropolitan Life Insurance Company as well as the son's like interest is to be taken cum onere, that is, subject to such indebtedness.

(3) The probated debt of Ben Goodman is to be paid from the assets of the estate, and the widow and son are tenants in common therein in equal interest, free of such debt, which has in fact been properly paid by the executor.

(4) The net proceeds of the rental from the realty for the years 1946 and 1947 are due and payable forthwith in equal shares to the widow and the guardian of Robert Gean Cason.

(5) In computing the net value of the widow's one-half of the personal estate, the general personal funds of the estate, if sufficient, shall be utilized forthwith to meet this demand. If insufficient, the residuary fund of the trust estate shall be drawn upon to this end.

(6) It is our direction, however, that the integrity of the trust fund and its identity as such be not impaired unless, because of insufficiency of the general net personal estate after payment of lawful charges of administration, there be not ample funds to meet the widow's lawful share.

(7) Against the widow's share, there shall be charged an advancement of $2,500.

(8) There shall be no abatement of the specific legacies, in view of the apparent availability of funds adequate to all other demands, and in further view of our conclusion that any deficiency is to be first charged against the residuary trust in favor of Robert Gean Cason.

(9) Mrs. Howard Cason Brock and Mrs. Effie Cason Scott are specific legatees in the sum of $2,500 each under Paragraph (4) of Item VIII.

(10) There shall be made forthwith a settlement out of the entire estate to the widow, the guardian of Robert Gean Cason, and to the Trustee under Item VIII who shall forthwith make full distribution to all the cestuis que trustent except under Paragraphs (6), (10) and (12). The amounts to be withheld to meet the provisions of Paragraphs (6) and (10) shall be held by the Trustee and payable out of such trust estate when and as needed, but such funds impounded therefor shall not cause abatement of the other specific legacies, but shall be chargeable against the residuary trust funds of Robert Gean Cason.

We have not imposed on ourselves the task of computing the amount of the net personal estate, but our discussion has taken into account the fact that this estate is substantial. Provision is made herein for any contingencies arising out of the possibility that our assumption as to their adequacy is not completely substantiated.

Affirmed in part, reversed in part, and remanded.