985 So.2d 371 (2008)
Daisy M. GANDY and/or Unknown John Does and Jane Does, Appellants,
v.
CITICORP, Appellee.
No. 2007-CA-00306-COA.
Court of Appeals of Mississippi.
June 17, 2008.
*372 Vanessa J. Jones, Hattiesburg, attorney for appellants.
Bradley P. Jones, Brandon, Merideth Janet Drummond, Jackson, attorneys for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. On January 16, 2007, the Wayne County Circuit Court entered an order granting Citicorp possession of a piece of property upon which it had previously foreclosed. Aggrieved, Mary Gandy (Mary) appeals and alleges that: (1) the circuit court abused its discretion in exercising jurisdiction; (2) the circuit court erred in finding that the filing of an estate does not prevent a foreclosure on real property subject to a lien; and (3) Mississippi Code Annotated section 89-1-301 (Rev.1999) barred inequitable foreclosure of the subject property. Finding no error, we affirm.

FACTS
¶ 2. On May 9, 1996, Daisy Gandy (Daisy) executed a deed of trust in favor of First Financial Family Services, a predecessor of Citicorp. On September 16, 1999, Daisy passed away. After her death, payments continued to be made on the loan, but it eventually fell into default. While the exact number of heirs is not apparent from the record, we do know that Mary is her daughter.
¶ 3. After the loan fell into default, Citicorp began foreclosure proceedings on the parcel that was used as collateral for the loan. Lem Adams III was appointed as substitute trustee. Adams properly published notice of the foreclosure sale scheduled for April 14, 2005. Mary received notice of the scheduled foreclosure sale on March 14, 2005, and began the process to open Daisy's estate. On March 18, 2005, Mary informed Citicorp that she had made a motion in chancery court requesting probate of the estate, appointment of administrators, issuance of letters of administration, and other relief. The chancery court entered an order that opened the estate and appointed administrators on April 5, 2005.
¶ 4. On April 14, 2005, as scheduled, Adams conducted the foreclosure sale where Citicorp was the only bidder. Adams then executed a substitute trustee's deed in favor of Citicorp. On July 20, 2005, Citicorp filed a complaint in the Wayne County Justice Court for unlawful entry and detainer in an effort to obtain possession of the property. After a hearing, the justice court found that the matter should have been filed in the chancery court due to the pending estate filed therein. *373 Citicorp appealed the matter de novo to the Wayne County Circuit Court. The circuit court found that Citicorp was entitled to possession of the property. Aggrieved, Mary filed this appeal.

ANALYSIS
I. Whether the circuit court abused its discretion in exercising jurisdiction in this case.
¶ 5. Mary argues that the circuit court should have transferred this matter to the chancery court since there was an open estate for Daisy. Citicorp responds that while an estate had been opened, an action for unlawful entry and detainer is merely a possessory action specifically provided for by statute.
¶ 6. An action for unlawful entry and detainer must be maintained in the justice court pursuant to Mississippi Code Annotated section 11-25-1 (Rev.2004) or in the county court pursuant to Mississippi Code Annotated section 11-25-101 (Rev. 2004). However, Mississippi Code Annotated section 9-9-21 (Rev.2002) provides that the county court shall have exclusive jurisdiction over matters of unlawful entry and detainer. Therefore, an action for unlawful entry and detainer should be brought in justice court only when the county where the action is filed does not have a county court. Since this matter was brought in Wayne County, the action was filed in the justice court as Wayne County does not have a county court. Further, upon a ruling in justice court, the aggrieved party may appeal the ruling to the circuit court for a new hearing on the merits, albeit in a summary manner. Miss.Code Ann. § 11-51-83 (Rev.2002).
¶ 7. An action for unlawful entry and detainer is meant to be a summary remedy. It exists to provide a party the ability to obtain possession of a piece of property when another party withholds possession after his claim of right has expired. Miss.Code Ann. § 11-25-1. Such an action does not prevent a separate action being filed to determine ownership of the property. Miss.Code Ann. § 11-25-31 (Rev.2004).
¶ 8. Statutorily, Citicorp correctly filed the matter in the justice court as required. Then, upon an unfavorable ruling in the justice court, Citicorp appealed the matter to the circuit court pursuant to section 11-51-83. Therefore, it appears that the circuit court correctly had jurisdiction to hear this purely possessory action. Further, Mary only raised a legal issue as to why the circuit court should not find in favor of Citicorp. She argued that the filing of an estate prevented Citicorp from foreclosing on the piece of property in question. The substance of the action should be the controlling issue as to jurisdiction, not its form or label. Tillotson v. Anders, 551 So.2d 212, 214 (Miss.1989). Citicorp's action was merely an eviction action by a party with a claim of right, not an equity action.
¶ 9. Therefore, the circuit court did not err in exercising jurisdiction over this claim.
II. Whether the filing of an estate prevents a foreclosure on real property that is subject to a lien.
¶ 10. Mary only made one argument at the hearing as to why the circuit court should not grant Citicorp relief. She alleged that the filing of an estate should have essentially enjoined the foreclosure on the subject property.
¶ 11. The chancery court entered a judgment that opened the estate and appointed administrators on April 5, 2005. Then, the foreclosure occurred as previously scheduled on April 14, 2005. It does not appear from the record that Mary *374 requested an injunction from the chancery court to prevent the foreclosure. Instead, she claims that the estate was insolvent and attempts to rely on Mississippi Code Annotated section 91-7-261 (Rev.2004). Section 91-7-261 provides that upon a finding that an estate is insolvent, the chancery court shall make an order for the sale of all the property, and the proceeds will be distributed equally among the creditors whose "claims shall be duly filed and established." Id. Essentially, Mary seeks to treat the filing of the estate as an automatic stay, similar to that found in the bankruptcy code. 11 U.S.C. § 362(a) (Rev.2006). However, Mississippi does not have a similar provision that arises from the filing of an estate to prevent secured creditors from enforcing their secured liens on the property provided as collateral.
¶ 12. Citicorp cites Mississippi Code Annotated section 91-7-167 (Rev.2004) for support. Section 91-7-167 provides that a creditor shall not be deprived of "his right to enforce the lien against the property by a failure to present his claim and have it probated and registered[.]" Id. However, failure to probate and register the claim precludes the creditor from a claim for any deficiency from the assets of the estate. Id. This proposition was laid out in Riegelhaupt v. Ostroffsky, 237 Miss. 521, 529-30, 115 So.2d 331, 334-35 (1959). The supreme court stated:
As between the bank and the appellants the bank had the right to elect to stand on its security and not probate its claim against the estate. The result of this action would have been that if the real estate on which the bank held security had not been sufficient to satisfy the claim, the bank could not have looked to the other assets of the estate for the collection of any deficit that there may have been as a result of a foreclosure of the deed of trust, if any.
Id. This is exactly what Citicorp elected to do. It chose not to probate the claim, forgoing any claim to a deficiency, and continued the foreclosure proceedings on the real estate.
¶ 13. In light of section 91-7-167, it is clear that the filing of the estate did not prevent Citicorp from performing a proper foreclosure on the property. Therefore, this allegation is without merit.
III. Whether section 89-1-301 barred inequitable foreclosure of the subject property.
¶ 14. Mary claims that the foreclosure on the property should have proceeded by bill in the chancery court, citing to the Relief from Inequitable Mortgage Foreclosures, Execution Sales, and the Like after Declared Emergency or Disaster Act. Miss.Code Ann. § 89-1-301 to -329 (Rev.1999). Upon the insistence of the mortgagor, the foreclosure proceeding must be brought in the chancery court. Miss.Code Ann. § 89-1-301. However, for the Act to take effect, there must exist an announcement from the President of the United States or the Governor of Mississippi invoking the protections of the Act. Id. Such a proclamation by the Governor occurred on October 4, 2005, in the wake of Hurricane Katrina.
¶ 15. However, Mary's argument is without merit. The foreclosure of her property occurred four months prior to Hurricane Katrina and six months before the protections under the Act were invoked. Therefore, Citicorp was not required to institute its proceedings in the chancery court, and this allegation is without merit.
*375 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.