# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00134-COA

| | |
|---|---|
| HENRY HARVEY A/K/A HENRY HARVEY, JR. AND LILLIE MAY MOORE HARVEY A/K/A LILLIE M. HARVEY | APPELLANTS |

v.

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 01/12/2015 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HENRY HARVEY (PRO SE) |
| | LILLIE MAY MOORE HARVEY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | MICHAEL ALAN JEDYNAK |
| | SEAN ALBERT SOUTHERN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | ENTERED JUDGMENT OF EVICTION |
| DISPOSITION: | AFFIRMED - 08/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Henry and Lillie May Moore Harvey appeal the Grenada County Circuit Court's order

of eviction.  Finding no error, we affirm the judgment of the circuit court.

## FACTS

¶2.     In May 1988, Henry and Lillie purchased 17.8 acres of real property (the Property)

in Grenada County, Mississippi.  The legal description of the Property on the deed provides:

> 17.8 acres of land lying in the West 1/2 of the Northwest 1/4 of Section 30,
> Township 22 North, Range 4 East, Choctaw Meridian, Grenada County,

Mississippi, and more particularly described as follows:

> Beginning at an iron bar 880.00 feet South of the Northwest Corner of the West 1/2 of the Northwest 1/4 of said Section 30, Thence East for 1324.5 feet, thence South for 586.7 feet; thence West for 1325.0 feet, thence North for 586.7 feet to the Point of Beginning.

¶3. On December 14, 2007, the Harveys executed a deed of trust to William Glover Jr., trustee for Wells Fargo Bank, conveying the Property as security for a loan. Wells Fargo Bank subsequently recorded the deed in the land records. On March 5, 2012, Wells Fargo substituted and appointed Sean Southern, counsel for Federal National Mortgage Association (FNMA), as trustee in the deed of trust. This assignment was also recorded in the land records.

¶4. After the Harveys defaulted on their loan payments, FNMA held a foreclosure sale on January 29, 2013. On February 4, 2013, following foreclosure, FNMA conveyed the Property to Wells Fargo Bank, the highest bidder at the foreclosure sale. Wells Fargo Bank subsequently conveyed the Property to FNMA in a special warranty deed.

¶5. On January 22, 2014, FNMA sent the Harveys a Notice of Foreclosure and Tenants Rights, explaining that FNMA had purchased the Property at a foreclosure sale held on January 29, 2013. The notice served to "provide any occupant [of the Property] the opportunity, prior to the commencement of the eviction action for possession, to provide acceptable evidence to show that the occupant is entitled to the protection of the [Protecting Tenants at Foreclosure Act of 2009 (PTFA)]." The notice further provided that "if you are a former owner or a person who is not a bona fide tenant under the PTFA, FNMA terminates

any and all right to occupancy and instructs you to vacate the premises no later than ten days following delivery of this letter."

¶6. FNMA then filed a complaint for unlawful entry and wrongful detainer, or eviction, in Grenada County Justice Court, alleging that the Harveys were "wrongfully occupying the Property following a foreclosure sale held on the 29th day of January[] 2013" and that "proper and lawful notice has been given to the [Harveys] according to statute prior to initiating this eviction proceeding."

¶7. On February 27, 2014, the justice court entered a Judgment of Eviction. On March 24, 2014, the Harveys appealed this judgment to the circuit court. The circuit court held a hearing on January 12, 2015. At the hearing, the Harveys admitted that Henry had signed the loan application and deed of trust, but they argued that Lillie's signatures on the documents were forged. Henry testified that Lillie's signature on the loan application and deed of trust "looks like something they just stuck on there." Henry also testified that he only deeded Wells Fargo Bank one and a half acres of his land as security for a $200,000 loan, rather than the 17.8 acres listed in the deed.

¶8. The transcript from the January 12, 2015 hearing reflects that the circuit judge informed the Harveys:

> This is not going to be the appropriate court for me to decide whether the foreclosure was proper or not because the foreclosure has already taken place. And so the only issue then is whether you're holding over on that [P]roperty or not. Because right now they have got a valid foreclosure.
>
> . . . .
>
> I'm not the one [who] would decide whether [FNMA] has a valid mortgage or

anything else. If you had a problem with that, you should have gone to chancery court to try and stop the foreclosure proceedings.

. . . .

The only issue before this court is whether you have got the right to be on that [P]roperty or not. Based on this substitute trustee's deed, you do not have the right to be on that [P]roperty. . . . The [FNMA] now owns that [P]roperty based on this deed.

¶9. After the hearing, the circuit judge entered an order on January 12, 2015, for the removal of the Harveys and all other occupants from the Property within ten days. The Harveys filed an appeal of this order on January 20, 2015.[1]

## STANDARD OF REVIEW

¶10. "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and we will affirm his findings "on appeal where they are supported by substantial, credible, and reasonable evidence." *McWhorter v. Cal-Maine Farms Inc.*, 913 So. 2d 193, 196 (¶5) (Miss. 2005).

## DISCUSSION

¶11. The Harveys' appellate brief consists only of the following paragraph:

In the case of Henry Harvey and Lillie Harvey vs. [FNMA] and Wells Fargo we intend to prove that Wells Fargo did not have the right to sell 16.3 acres of land. They only have the house and 1 acre and a half of land which was in the original deed not the whole 18.8 acres. Wells Fargo attempted to steal 16.8 acres of land and forge Lillie Mae Harvey['s] signature on the deed. With the help of a handwritting [sic] specialist we can prove that her name wasn't on the deed. Wells Fargo sold Stolen Property to the [FNMA].

¶12. The Harveys' brief fails to allege any error on the part of the trial court, fails to cite

---

[1] The Harveys filed an amended notice of appeal on January 26, 2015.

4

any case or statutory authority, and also fails to support their assertion with argument or analysis of the law as applied to the facts of this case. *See* M.R.A.P. 28(a). At the time the Harveys filed their appeal, Rule 28(a) required an appellant's brief to contain:

> (3) Statement of Issues. A statement shall identify the issues presented for review. No separate assignment of errors shall be filed. Each issue presented for review shall be separately numbered in the statement. No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.

> (4) Statement of the Case. This statement shall first indicate briefly the nature of the case, the course of the proceedings, and its disposition in the court below. There shall follow the statement of facts relevant to the issues presented for review, with appropriate references to the record.

> (5) Summary of the Argument. The summary, suitably paragraphed, should be a succinct, but accurate and clear, condensation of the argument actually made in the body of the brief. It should not be a mere repetition of the headings under which the argument is arranged . . . .

> (6) Argument. The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.

¶13. We acknowledge that the Mississippi Supreme Court has held that "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." *Byrom v. State*, 863 So. 2d 836, 853 (¶35) (Miss. 2003) (quoting *Simmons v. State*, 805 So. 2d 452, 487 (¶90) (Miss. 2001)). The appellant possesses the "duty to provide authority and support for the issues he presents." *Edwards v. State*, 856 So. 2d 587, 599 (¶45) (Miss. Ct. App. 2003). Furthermore, we recognize that, on appeal, "pro se parties should be held to the same rules of procedure and substantive law as represented parties." *Jones v. Miss. Dep't of Emp't Sec.*, 129 So. 3d 224, 226 (¶8) (Miss. Ct. App. 2013); *Harvey v. Stone Cty. Sch. Dist.*, 862

5

So. 2d 545, 549 (¶9) (Miss. Ct. App. 2003).

¶14. Accordingly, this assignment of error is not properly before the Court and is procedurally barred from our consideration. *See New Bellum Homes Inc. v. Swain*, 806 So. 2d 301, 306 (¶14) (Miss. Ct. App. 2001); *see also Cook v. Mardi Gras Casino Corp.*, 697 So. 2d 378, 383 (Miss. 1997).

¶15. Procedural bar nothwithstanding, we find the Harveys' claim to be without merit. This Court "must decide each case by the facts shown in the record, not assertions in the brief[.]" *Minor v. City of Indianola*, 909 So. 2d 146, 148 (¶4) (Miss. Ct. App. 2005). We acknowledge that jurisprudence establishes that the trial court is entitled to a presumption that its judgment is correct. *Id.* at (¶5) (citing *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977)). Moreover, the law establishes that the Harveys, as appellants, bear the burden of demonstrating a reversible error to this Court on appeal. *Id.* at (¶¶4-5). Upon review, we find that the Harveys have presented no argument or sufficient evidentiary support in the record to meet this burden or to overcome the presumption that the trial court's judgment herein is correct.

¶16. Additionally, we remind the Harveys that FNMA's unlawful-entry-and-detainer action herein constituted an eviction proceeding, not an equity proceeding regarding the validity of the foreclosure or ownership of the property. In *Gandy v. Citicorp*, 985 So. 2d 371, 373 (¶7) (Miss. Ct. App. 2008), this Court explained that "[a]n action for unlawful entry and detainer . . . exists to provide a party the ability to obtain possession of a piece of property when another party withholds possession after his claim of right has expired . . . . Such an action

6

does not prevent a separate action being filed to determine ownership of the property." *See also* Miss. Code Ann. § 11-25-1 (Rev. 2004) (unlawful entry and detainer); Miss. Code Ann. § 11-25-31 (Rev. 2004) (allowing a separate action to determine ownership). While an action for unlawful entry and detainer is properly filed in justice court, an action to determine ownership of the property must be filed in chancery court.[2] *Id.*; Miss. Const. art. 6, § 160; *see also Graves v. Dudley Maples L.P.*, 950 So. 2d 1017, 1022 (¶22) (Miss. 2007) (chancery court has jurisdiction over matters involving property).

¶17. In *White v. Usry*, 800 So. 2d 125, 127 (¶5) (Miss. Ct. App. 2001), the plaintiff filed a complaint for unlawful entry and wrongful detainer in the Hinds County County Court. The defendant filed a counterclaim asking the trial court to remove the plaintiff's claim as a cloud on his title to the property. *Id.* at 128 (¶12). On appeal, this Court held that the defendant's "counterclaim sought to have title confirmed, something improper in an unlawful entry and detainer action in county court but eminently appropriate for a chancery suit." *Id.* at 129 (¶14) (citing Miss. Const. art. 6, § 160).

¶18. We find the Harveys' argument on appeal procedurally barred and without merit.

---

[2] In *Gandy*, 985 So. 2d at 373 (¶8), this Court recognized that "[a]n action for unlawful entry and detainer must be maintained in the justice court pursuant to Mississippi Code Annotated section 11-25-1 . . . or in the county court pursuant to . . . Mississippi Code Annotated section 11-25-101[ (Rev. 2004).]" This Court clarified that although "the county court shall have exclusive jurisdiction over matters of unlawful entry and detainer[,] . . . an action for unlawful entry and detainer should be brought in justice court only when the county where the action is filed does not have a county court." *Id.* Grenada County does not have a county court; as a result, FNMA filed the instant action in justice court. After "a ruling in justice court, the aggrieved party may appeal the ruling to the circuit court for a new hearing on the merits, albeit in a summary manner." *Id.*; *see also* Miss. Code Ann. § 11-51-83 (Rev. 2004).

¶19. **THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**