## S. H. WILSON v. W. E. PUGH.

1. FORCIBLE ENTRY AND UNLAWFUL DETAINER.—The owner of land, although only in constructive possession of it, may maintain his action for forcible entry and unlawful detainer, against a party who peaceably enters the premises and detains the possession from him without his consent.
2. SAME: OATH OF JURY.—If the record in an action of forcible entry and unlawful detainer, show that the jury were "duly sworn," it is sufficient; this court will presume from this averment that the statutory oath was administered.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

This action was first commenced before three justices of the peace, and the jury having found a verdict for Wilson, the defendant, Pugh, appealed to the Circuit Court of Yazoo county. Upon the trial in that court the plaintiff had verdict and judgment, and the defendant prosecuted this writ of error. The other facts are sufficiently stated in the opinion of the court.

*N. G.* and *S. E. Nye*, and *Gibbs* and *Bowman*, for plaintiff in error.

*George L. Potter*, for the defendant in error.

FISHER, J., delivered the opinion of the court.

This was a proceeding commenced before justices of the peace of Yazoo county, under the statute concerning forcible entries and detainers. Hutch. Code, 813. The complaint, which follows the form prescribed by the statute, states, that Wilson had unlawfully turned the plaintiff out of possession of the lot in question. The first section of the Act provides, that none shall enter into any lands or tenements but in case where entry is given by law; and in such case, not with strong hand, nor with multitude of people, but only in a peaceable manner; and none who shall have entered in a peaceable manner, shall hold the same afterwards, against the consent of the party entitled to the possession thereof." The lot in question had been occupied by the plaintiff for several years, prior to 1850, when the house situated upon the lot was pulled down, during a fire in Yazoo city, to prevent its spreading to other buildings. After the destruction of the house, the defendant took possession of a part of the lot. Taking possession of the lot, or a part of it, knowing at the same time that the plaintiff was the owner, and was in the constructive possession of the lot, would bring the case completely within the provision of the statute—that none shall enter so—but in case where entry is given by law. The testimony on the part of the plaintiff below, substantially establishes this state of case; and if a different case

is shown by the defendant's proof, it cannot change the result, as it would be but a conflict in the evidence, which must be determined by the jury.

It is next said that the record does not show that the jury were sworn according to the statute. The record shows that the jury were duly sworn ; this must be held to be a swearing according to the form of the statute. The rule would be otherwise if the record undertook to set forth the form of the oath, and should fail to show that the statute was followed. "*Duly sworn*" means, a swearing according to law.

Judgment affirmed.