ANTHONY *et ux. v.* BANK OF WIGGINS.

(Division B.   April 12, 1937.)

[173 So. 454.   No. 32688.]

T. J. Wills, of Hattiesburg, for appellants.

362

**U. B. Parker,** of Wiggins, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

On April 3, 1930, Abel Anthony and his wife executed a deed of trust to the Bank of Wiggins to secure a loan of $700 bearing interest at 8 per cent. per annum with provision for 15 per cent. attorney's fees. One day after the President's proclamation closing all the banks of the country for a limited period, on March 6, 1933, the Bank of Wiggins foreclosed this deed of trust, bid the land in for $75, and the trustee executed a deed to the bank, but no steps were taken to secure possession of this land until the institution of the unlawful entry and detainer suit on August 17, 1936, except that in June, 1936, a written notice was given to Abel and his wife to vacate the premises.

This suit is one for unlawful entry and detainer, and was not instituted within one year after the right of possession of the bank accrued under the trustee's deed. In the court below, the appellant raised this point, but this was overruled by the court.

The appellants sought to show also that the property had been bought by them in 1929 for $4000 and the court below refused to permit them to show this value. However, it is not necessary to consider these points, as we have reached the conclusion that the appellee had

no right to the remedy of unlawful entry and detainer at the time the suit was instituted. Section 3456, Code 1930, reads as follows:

"Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed."

This remedy, if seasonably applied for, is available to the mortgagee, or the beneficiary in the deed of trust, where possession is withheld after foreclosure. The right of possession certainly accrued in the case at bar at the end of the year 1933, and would have accrued immediately on the foreclosure of the deed of trust but for the provisions of section 3468, Code 1930, which gives the mortgagor the right to gather the crops, if any, planted by him, and grown, or growing on the premises. The right to gather crops could not, of course, have existed any longer than the last day of 1933.

The testimony shows that there was no contract between the appellants and the appellee, after the foreclosure, but that the appellants remained in possession until after the institution of the suit in 1936. Consequently, the right of the appellee to proceed in this suit for unlawful entry and detainer did not exist. The appellees, of course, were not entitled to the peremptory instruction given them by the court below, consequently

the judgment of the court below will be reversed and the suit dismissed.

Reversed and suit dismissed.