HOLMES *v.* ELMER *et al.*

(Division A.   May 23, 1938.)

[181 So. 325.   No. 33179.]

**W. L. Guice** and **J. D. Stennis, Jr.**, both of Biloxi, for appellant.

Mize, Thompson & Mize, of Gulfport, for appellees.

Argued orally by **W. L. Guice** and **John D. Stennis, Jr.**, for appellant and by **R. W. Thompson, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an unlawful entry and detainer case begun by the appellant in the county court of Harrison County against Mrs. F. W. Elmer, who will hereinafter be referred to as the appellee, her husband, F. W. Elmer, and Mrs. Mary E. Halliday, the latter two of whom assert no title to, or claim to the possession of, the land.

The appellant's initial pleading, which was sworn, to, sets forth her title to the land, and that the defendants are unlawfully withholding "from her the pos-

session thereof through force and strategy after the expiration of any right by contract express or implied," and facts on which a claim for rent of the land is based.

This pleading was followed by pleas, replications, rejoinders, surrejoinders and demurrers, all of which were beside the mark under section 3458, Code 1930, which prescribes the form for a complaint in an unlawful entry and detainer proceeding, on the filing of which the cause is at issue without further pleading.

It is true that the case was begun in a county court which had jurisdiction thereof under section 693, Code 1930, but section 696 of that Code provides that "The rule of pleading, practice, and procedure in the said county court shall be the same as those now, or which may hereafter be established as governing the several other courts, as respects the several matters mentioned; that is to say, in proceedings which, if there were no county court, would have to be brought in a court of a justice of the peace, or before a tribunal of a justice or justices of the peace, the same practice in the county court shall be followed as if the matter were in said justice court, general or special." Prior to the creation of county courts, actions on unlawful entry and detainer were cognizable only by a special court consisting of three justices of the peace. This error in procedure, however, is here of no consequence, because the case was tried on its merits on evidence that would have been proper and necessary had the pleadings been in accord with section 3458, Code 1930. This being true it will not be necessary to pass on the challenged rulings of the county court on the demurrers.

Several questions are presented by the briefs of counsel, but there is one that lies at the threshold of the case, our answer to which will result in the judgment of the county court being correct. That question is: Is the case presented by the evidence one in which, under section 3456, Code 1930, an action of unlawful entry and detainer will lie?

Actions of unlawful entry and detainer may be brought only by persons authorized so to do by section 3456, Code 1930. McCorkle v. Yarrell, 55 Miss. 576; Owen v. Monroe County Alliance, 77 Miss. 500, 27 So. 383. That section provides two general classes of persons who may resort to such an action: (1) "Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth"; and (2) "any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him."

The evidence does not bring the appellant within either of these classes. That for the appellant, in substance, is as follows: F. W. Elmer owned a lot or tract of land which embraced that here in controversy. He died in 1926, leaving as his heirs several children. After his death these children executed a mortgage on the land which was foreclosed in 1935, and the land was purchased under the foreclosure by the appellant. Prior to the foreclosure of the mortgage, F. W. Elmer, Jr., a son of the former owner of the land and one of the parties to the mortgage, and who, together with his wife, was living on that particular portion of the land here in controversy, paid rent thereon to an agent of the Elmer heirs, or of the mortgagee—which is not clear—and probably after the foreclosure of the mortgage to an agent of the appellant. The appellee was not a party to this mortgage or to the rent agreement.

The evidence for the appellee is that the land was

given to her in 1919 by F. W. Elmer, her husband's father, who then owned it, and shortly thereafter she and her husband moved into a residence thereon, and have since continuously resided therein.

In order for this action to lie, the appellee must be withholding possession of the land from the appellant "after the expiration of her right of contract, express or implied, to hold possession" thereof. The evidence for the appellant does not disclose, and that for the appellee negatives, the withholding of the land by the appellee from the appellant under a contract that has expired. On the contrary, the appellee's evidence discloses that she claims a fee-simple title to the land— a parol gift followed by adverse possession for the required period.

Affirmed.