### TATE. *v.* TATE.

May 25, 1953

No. 38792 ⋅ 33 Adv. S. 29 64 So. 2d 908

*Boydstun & Boydstun,* for appellant.

*John Alton Phillips,* for appellee.

McGehee, C. J.

This is a proceeding in unlawful entry and detainer brought by the appellee Richard Tate against his brother, the appellant Isham (Bobe) Tate, to obtain possession of a house and lot in the City of Macon.

Section 1033, Code 1942, authorizes the bringing of such a suit by anyone deprived of the possession of his land "at any time within one year after such deprivation or withholding of possession" from him. ▮▮▮ The proceeding is a summary remedy, and may be brought by an owner whose possession is merely constructive. Wilson v. Pugh, 32 Miss. 196.

The question for decision on this appeal is whether or not the proceeding was instituted within one year after the defendant Isham Tate began the deprivation or withholding of the possession from the plaintiff Richard Tate complained of.

The proof discloses that on October 28, 1908, the property in question was owned by Mrs. Sue Holberg; that on said date Mrs. Holberg conveyed the same by recorded deed to the defendant; that thereafter the defendant on November 8, 1909, conveyed the property by a recorded deed to his mother Miranda Tate; and that thereafter, on September 6, 1912, the said Miranda Tate conveyed the property by recorded deed to the plaintiff. And there is no deed of record showing that the plaintiff has ever sold or conveyed the property to anyone. Nor does the defendant claim the property by any deed of conveyance executed subsequent to September 6, 1912, by the plaintiff or anyone else. He merely testified in substance that

he based his claim on what was shown in "them books," meaning the land deed records of the county.

However, it appears that sometime shortly after the year 1912 there was a suit in the chancery court between these parties, and that the same was later dismissed on motion of the clerk.

Upon the trial of the instant case on appeal by the defendant to the circuit court from a decision of the unlawful entry and detainer court, a jury was waived by agreement of the parties and the cause was decided by the circuit judge in favor of the plaintiff. Thereafter upon a motion for a new trial the defendant attached as an exhibit thereto an ejectment proceeding which had been instituted by the plaintiff on October 30, 1951, but signed by the plaintiff's attorney wherein it was alleged in the declaration in ejectment, following the description of the property, that "the plaintiff Richard Tate says that the right to the possession of the same accrued on the 23rd day of July, 1945," but the declaration does not allege at what time the defendant began his wrongful deprivation of the possession to which the plaintiff claimed to be entitled. This ejectment suit was transferred to the chancery court on motion of the defendant, but with the consent of the plaintiff, and was thereafter dismissed by the chancellor at the instance of the plaintiff, but without prejudice. The said proceeding was not introduced upon the trial of the instant case but was merely made an exhibit to the motion for a new trial. The ejectment suit was dismissed on the same date that the unlawful entry and detainer proceeding now before us was instituted.

The proof upon which the judgment now appealed from was predicated is to the effect that the plaintiff left the state and moved to Chicago during World War II; that the defendant did not at any time thereafter occupy the premises in question until July 1, 1951, when he opened up the building on the lot as a store for the sale of cold

drinks, etc.; that no one occupied the premises during the year 1951 prior to July 1st of said year; that during the year 1950 the building and lot was rented by the defendant to Rosa Lee Dudley, who was during that year instructed by the plaintiff to pay her rent to Wyatt Bentley, agent of the plaintiff, but then she paid the same to the defendant upon his insistence and at the advice of another person for the reason that she had her negotiations with the defendant in renting the property; that beginning with the time of the plaintiff's departure for Chicago during World War II the defendant collected the rent on the plaintiff's own residence for him, remitted the same when collected, and looked after the property in question and kept whatever rent he may have collected therefor.

The plaintiff did not testify. His agent Wyatt Bentley testified first one way and then another as to which one of the brothers was in possession of the property in question between the time that the plaintiff went to Chicago and the time that the defendant went into the actual occupancy thereof when he opened up the store on July 1, 1951, within one year prior to the institution of the unlawful entry and detainer proceeding. The witness didn't seem to understand what constituted possession. He testified that the plaintiff had been paying the taxes on the property, but that "Bobe had it rented." "Q. Has Richard Tate (the plaintiff) been showing ownership by renting it for a number of years? A. Yes, sir. Q. Did he rent it to someone else? A. He had a brother who rented it." The defendant is the only brother mentioned anywhere in the testimony. The witness was further asked "Q. Do you know when Bobe Tate (the defendant) moved on the property? A. Yes, sir, for a little store. Q. What year was that? A. July 1, 1951." He further testified that the defendant has had charge of the property ever since the plaintiff left for Chicago. Whether he meant that he had charge of it on behalf of the plaintiff or as claiming

to be the owner is not fully explained. He did say, however, that the defendant would not let the witness take charge of the property. He said something about the defendant having the house locked up after Rosa Lee Dudley moved away after she had rented it in 1950.

But the defendant himself was asked "Has anybody lived in that house since Rosa Lee moved out? A. No, sir. Q. Have you had it locked up all the time since? A. No, sir, I locked it up after I put a little business in there, but I didn't have no lock on it at all."

The defendant named Cora Jordan as one of the tenants to whom he had rented the property in question, but when she was testifying as a witness for the defendant she said, "I lived there the last two years in Richard's house. Q. But that is not the house they are having the lawsuit about? A. No, sir, I didn't live in that one." She did testify, however, that the defendant had had charge of the house involved in the suit.

The circuit judge was requested in writing by the defendant's counsel to render a written opinion and finding of fact. The judge expressly recognized that the circuit court is not required to do this but he was nevertheless willing to comply with the request. The plaintiff and the defendant are elderly negro men, and the court was of the opinion that since the plaintiff had been living out of the state for a number of years, the defendant was merely supervising and renting the property for the plaintiff until July 1, 1951; that when the plaintiff visited at Macon in 1950 and appointed another person, Wyatt Bentley, to look after this property and the defendant was notified of this fact, he immediately undertook to take possession of the property by going into a small mercantile business for the sale of cold drinks, etc., immediately prior to July 4, 1951. The defendant had shown no color of right under which he was undertaking to withhold possession of the property from the plaintiff.

It was held in the case of Holmes v. Elmer, 182 Miss. 171, 181 So. 325, that one claiming that an unlawful entry

and detainer proceeding is barred because not brought within one year after wrongful deprivation or withholding of possession has burden of proving when his possession became adverse.

In McCallum v. Gavin, 149 Miss. 885, 116 So. 94, it was held that title deeds are admissible in an unlawful entry and detainer proceeding to prove the right and extent of possession, even though the suit is a possessory action and the determination of title is not involved. Any purely equitable defenses that the defendant may have had could not have been presented in this action. Home Mut. Bldg. & Loan Ass'n v. Leonard, 77 Miss. 39, 25 So. 351. But the judgment in such a proceeding, either for the plaintiff or defendant, "shall not bar any action in the circuit court between the same parties, respecting the same land; * * *." Section 1048, Code 1942.

 We have concluded that under the testimony, and particularly the proof that both the plaintiff and the defendant were claiming the right to collect the rent in 1950, the constructive possession was in the plaintiff from the time the building was vacated by Ros Lee Dudley in 1950 until the defendant took actual possession and entered into the occupancy of the property on July 1, 1951, and that therefore this suit was not barred by the one year limitation contained in Section 1033, Code 1942; and that we are not warranted in reversing the trial judge on his finding of fact as the trier thereof.

Affirmed.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.