ELLIS, et ux. *v.* KNIGHT

No. 41596          November 21, 1960          124 So. 2d 694

837

*Wm. V. Murry,* Hattiesburg, for appellants.

*C. M. Morgan, Jr., Cephus Anderson,* Hattiesburg, for appellee.

GILLESPIE, J.

Appellee filed an unlawful entry and detainer complaint in county court under Section 1049, Mississippi Code of 1942. Upon trial of the issue judgment was entered for plaintiff for possession of the lands. Defendants appealed to circuit court with supersedeas where the judgment of the county court was affirmed and a judgment entered against defendant and the sureties on their supersedeas bond for $150.00 "rent on said land" at the rate of $40.00 per month, and $180.00 damages "not embraced in the use and occupation of the said land" pending appeal from county court. The defendant appeals to this Court.

Appellant assigns several errors, but only two deserve comment.

It is contended by appellant that appellee did not bring his action within one year from the date the cause of action accrued and that the action was barred by the terms of the statute, Code Section 1049. Appellants deeded the land to appellee on February 21, 1956, but appellee never took possession. The record contains no oral proof of the existence or non-existence of any arrangements or agreements with reference to possession. Appellee introduced a court file showing appellants filed suit against appellee in chancery court on November 23, 1957, seeking a decree declaring the aforesaid deed to be a mortgage. After several amendments, a demurrer was sustained and that suit was dismissed with prejudice. It appears from the pleadings in the chancery court suit that both parties took the position that appellants retained possession of the property by permission of appellee. After the chancery suit was concluded as above stated, appellee, on March 27, 1959, gave appellants written notice to surrender possession within 10 days. Possession was not surrendered to appellee and he brought this unlawful entry and detainer suit on April 23, 1959.

If the record showed that appellants were in possession of the property from the date of the deed, February 21, 1956, adversely to appellee, then appellee would not be entitled to maintain the action of unlawful entry and detainer. Such action must be brought within one year after wrongful deprivation or withholding of possession. Section 1049, Mississippi Code of 1942; Anthony v. Bank of Wiggins, 178 Miss. 361, 173 So. 454.

But the defendant in such action who claims the action was barred because not brought within one year after wrongful deprivation or withholding possession has the burden to prove when his possession became adverse. Holmes v. Elmer, 182 Miss. 171, 181 So. 325.

Not only did appellants fail in this regard but the record justified a finding that possession by ap-

pellants was permissive until March 27, 1959, one month before the action was commenced.

Appellants also assign as error the action of the circuit court in awarding appellee $330.00 damages and rent pending appeal to that court from the county court. ■■ ■ The tract of land involved contains 38 acres on which is a house in bad repair. After the circuit court affirmed the judgment of the county court, it heard evidence on the damages appellee sustained pending the appeal, a period of less than four months, the length of the period being stipulated. Appellee testified appellants cut a shade tree but it was not shown this was done within the stipulated period. Appellee then attempted to show both the rental value and loss of profits from the cotton acreage allotment. Appellee may not recover both the rental value of the property and loss of anticipated farming profits. The judgment on the supersedeas bond should have been $150.00, the amount of the rent, and judgment is modified here reducing the said amount from $330.00 to $150.00.

Therefore, the judgment is affirmed for possession of the property and modified as to the damages awarded appellee by the circuit court.

Affirmed as modified.

*McGehee, C.J.,* and *Kyle, Holmes* and *Ethridge, JJ.,* concur.