657 So.2d 817 (1995)
Rebecca Lynn LOWERY,
v.
Michael Anthony LOWERY.
No. 93-CA-00917-SCT.
Supreme Court of Mississippi.
June 22, 1995.
*818 Doyle L. Coats, Gulfport, for appellant.
Martha Del Guillotte Carson, D'Iberville, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
This is an appeal brought by Rebecca Lowery contesting the trial court's grant of divorce and child custody to her husband Michael Lowery. We find that the court erred under Rule 52 of the Rules of Civil Procedure when it failed to provide findings of fact and conclusions of law when requested to do so by Rebecca, as the court was then mandatorily required to make such findings. We therefore reverse and remand this case to the trial court for the limited purpose of providing findings of fact and conclusions of law.

I.
Michael Lowery (Michael) and Rebecca Lowery (Rebecca) were married on May 30, 1986. They bore one child, Cassie Lowery (Cassie), during their marriage who was five years old at the time of court proceedings. Michael filed a complaint for divorce on August 21, 1991 alleging cruel and inhuman treatment, and in the alternative, irreconcilable differences as grounds for divorce. In addition, he requested custody of Cassie. Rebecca filed a counter-claim for divorce alleging habitual cruel and inhuman treatment and, in the alternative, irreconcilable differences. She also requested custody of Cassie.
The matter was brought to trial on September 11, 1992. After hearing testimony, the court entered its opinion in the matter on February 3, 1993, and on February 22, 1993 the court entered its judgment granting a divorce to Michael based upon habitual cruel and inhuman treatment. The court awarded Michael custody of Cassie, and granted Rebecca visitation rights.
On March 2, 1993, Rebecca filed a motion for new trial and requested that the court supply findings of fact and conclusions of law for its decision. At the hearing on the motion, Rebecca argued that the record does not support the grant of divorce. Counsel asserted "we have looked at the judgment without the findings of fact and conclusions of law. It is difficult, if not impossible, without looking at the record to do that, but we are having to base that on the pleadings, the briefs that have been submitted, and what our client has told us." The court responded:
If this case goes to the Supreme Court I think they would be entitled to know more of what I based my rulings on, I based it on the law in evidence. But I will specify what I did base it on. Sometimes I hate doing that because quite frankly you have to say things about people you would, perhaps, rather avoid, if you could. But it is obvious in this case I am not going to be able to avoid that. Although, both of the attorneys before briefed this case very well. But, certainly, I would be glad to look at anything additional y'all had.
On July 13, 1993, the court denied Rebecca's motion for new trial without supplying findings of fact or conclusions of law. Aggrieved, Rebecca appealed to this Court on August 10, 1993.

II.
Among other errors, Rebecca contends that although she requested that the court provide findings of fact and conclusions of law pursuant to Rule 52 of the Mississippi Rules of Civil Procedure, the court failed to comply. Based upon the court's failure, Rebecca contends that the judgment has no factual or legal basis and should be set aside.
*819 Rebecca's contention is well taken. Prior to its amendment, Rule 4.01 of the Uniform Chancery Court Rules provided that:
[i]n all cases where it is desired that the Chancellor shall find the facts specially and state separately his conclusions of law thereon, a request therefor must be made either in writing, filed among the papers in the cause, or dictated into the court reporter's record and called to the attention of the Chancellor before he has decided the case; otherwise the right to such finding shall be deemed to have been waived.
(emphasis supplied).
Rule 4.01 was drafted under the provisions of Section 11-5-87 Mississippi Code Annotated (1972) which authorized any party to request the court to separately state its findings of fact and conclusions of law. Thus, under the old rule, a party was required to request findings of fact and conclusions of law prior to a court rendering its judgment or risk waiver of the request. McIntosh v. McIntosh, 378 So.2d 629, 630 (Miss. 1980).
Section 11-5-87 was repealed in 1991 and Rule 4.01 was amended to no longer require requests prior to a court's decision in a particular case. Rule 4.01 currently provides that a "Chancellor shall find the facts specially and state separately his conclusions of law" in all actions where it is required or requested in writing pursuant to Rule 52 of the Mississippi Rules of Civil Procedure. Rule 52 provides that:
[i]n all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specifically and state separately its conclusions of law therein and judgment shall be entered accordingly.
(emphasis supplied).
In Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss. 1987) we addressed a trial court's responsibility to provide findings of fact and conclusions of law absent a party's request to do so. We held that the word "may" in Rule 52 should be construed to read "generally should" in complex cases, and a failure to provide such findings will generally be regarded as an abuse of discretion. Id. at 239. We addressed the requirements of Rule 52 again in Century 21 Deep South Prop. v. Corson, 612 So.2d 359, 367 (Miss. 1992). There we held that a court has technically complied with the mandates of Rule 52 where it makes general findings of fact and conclusions of law although requested by a party to make specific findings.
The present case presents an issue not previously addressed by this Court. Unlike Tricon, the court was requested by a party to provide findings of fact and conclusions of law. In addition, unlike Corson, the court failed to even make general findings of fact and conclusions of law although requested by Rebecca to provide findings. As the language in our state rule, with respect to party requests, is similar to its federal counterpart, we look to the mandates of Rule 52 of the Federal Rules of Civil Procedure for guidance. Federal Rule 52 provides:
[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, ...
(emphasis supplied).
The federal requirement of providing findings is mandatory and must be observed by district judges. The court of appeals may vacate a judgment and remand the case to the district court for findings if the trial court fails to make findings when required by the rule. Liddell v. Board of Educ. of the City of St. Louis, 20 F.3d 324 (8th Cir.1994); In re Incident Aboard D/B Ocean King, 758 F.2d 1063, 1072 (5th Cir.1985). It has also been held that Rule 52 is not jurisdictional and the appellate court may decide the appeal without further findings if it is enabled to do so. Matter of Holloway, 955 F.2d 1008, 1015 (5th Cir.1992).
Here we find reversal appropriate. While in this case there is a substantial basis in the record for the chancellor's ultimate conclusion, we can not say that the evidence is overwhelming so as to obliterate the necessity for findings. Our decision to remand also comports with our decree that the word *820 "may" means discretionary, while the word "shall" connotes a mandatory directive. Ivy v. Harrington, 644 So.2d 1218, 1221 (Miss. 1994).
We, thus, reverse and remand this case to the trial court for the limited purpose of providing findings of fact and conclusions of law as required under M.R.C.P. Rule 52.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.