# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00213-COA

**REBUILD AMERICA, INC.**                                      **APPELLANT**

**v.**

**MARK A. COLOMB AND MY BROTHER'S**                    **APPELLEES**
**KEEPER**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/31/2020 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LEWIE G. "SKIP" NEGROTTO IV |
| ATTORNEYS FOR APPELLEE COLOMB: | EDWARD BLACKMON BRADFORD JEROME BLACKMON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 08/09/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This appeal arises from the Hinds County Circuit Court's judgment affirming the county court's dismissal of Rebuild America Inc.'s ("Rebuild") complaint for unlawful entry and detainer and the county court's denial of Rebuild's motion for findings of fact and conclusions of law. We find that the county court erred under Rule 52 of the Mississippi Rules of Civil Procedure by not providing findings of fact and conclusions of law after being requested to do so by Rebuild. We therefore reverse the circuit court's judgment affirming the county court's orders and remand this case to the circuit court with instructions for it to effectively remand the case to the county court to conduct a hearing on the record and

provide specific findings of fact and conclusions of law.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2.     On August 29, 2005, Wachovia Bank, as custodian for Sass Muni V. Dir. ("Wachovia"), purchased property located at 500 E. Woodrow Wilson, Lot M, Jackson, Mississippi, 39216 ("property") for $93.05 at a Hinds County tax sale. Wachovia received a tax deed from the clerk of the First Judicial District of the Hinds County Chancery Court on September 10, 2007; however, the tax deed was not recorded until October 1, 2007. On October 31, 2007, U.S. Bank National, as successor in interest to Wachovia, transferred its interest in the property to Rebuild by a quitclaim deed and assignment. On November 7, 2007, Rebuild received and recorded the quitclaim deed with the clerk of the Hinds County Chancery Court.

¶3.     On September 26, 2007, before Wachovia's tax deed was recorded, Mark A. Colomb purchased the same property at an IRS lien sale. The property previously had been owned by Marcus K. Jackson, M.D., who had failed to pay his federal taxes. The IRS recorded eight tax liens on the property between 2001 and 2004 and enforced those liens to collect the unpaid taxes by selling it to Colomb for $85,000. After the requisite period for Jackson's redemption had expired, on May 14, 2008, Colomb received a quitclaim deed to the property, which he recorded in the Hinds County Chancery Court Clerk's office on August 21, 2008. The Hinds County land records show that Colomb paid the annual property taxes from 2009 forward. At the time the complaint was filed in this case, a business named My Brother's

---

[1] The facts here are derived from the parties' briefs and what little can be found in the record on appeal.

2

Keeper was the tenant occupying the property.

¶4. On May 17, 2016, Rebuild sent a letter to Colomb demanding possession of the property. After Colomb failed to tender possession, on May 1, 2017, Rebuild filed a complaint for unlawful entry and detainer against Colomb and "the current tenant" in the Hinds County County Court. In its complaint, Rebuild alleged that it owned the property and that Colomb refused to tender possession of the premises, thereby unlawfully withholding possession of the property.

¶5. While litigation was pending, Colomb died, and the county court ordered that his Estate be served.[2] Even though it had not yet been properly served, on November 22, 2017, the Estate filed a "Brief in Opposition" to Rebuild's complaint for unlawful entry and detainer.[3] In its brief, the Estate contended that Rebuild did not have standing to file suit because Rebuild failed to file its complaint within three years, as required by Mississippi Code Annotated section 11-25-103 (Rev. 2019).[4] The Estate argued that Rebuild had only

---

[2] We cannot determine from the appellate record whether an estate was opened, or whether an administrator was ever appointed.

[3] My Brother's Keeper joined in Colomb's Estate's pleadings. However, My Brother's Keeper has not entered an appearance in the appeal now before this Court.

[4] This section provides:

> The purchaser of land at a sale for taxes, or his vendee, after two years from the date of the sale for taxes, and within three years from such date, may bring the action of unlawful detainer, for the recovery or possession of the land; and a judgment in his favor in the action shall be a bar to any action in any court brought after one year from the date of such judgment, to controvert the tax title to the land, saving the rights of infants and persons of unsound mind to redeem the same.

three years to seek possession and that its 2017 lawsuit was untimely. The Estate also contended that Rebuild did not have valid title to the property and that the lawsuit was not about possession but about title. The Estate informed the court that Rebuild had previously filed a similar suit in the Hinds County Chancery Court in 2007 (Cause No. G-2007-2198) against the previous owners, including Marcus Jackson.[5] In the chancery court proceedings, Rebuild sought possession of the property and claimed that the IRS tax sale was void. But after the chancery court denied Rebuild's motion for summary judgment in January 2010 because there was a genuine issue of material fact as to whom had valid title, Rebuild abandoned that lawsuit and it was dismissed without prejudice in 2011.

¶6.     On November 23, 2017, and November 30, 2017, Rebuild filed memorandum briefs with the county court in support of its complaint. Rebuild argued that the Estate had waived any defense of lack of personal jurisdiction and that the chancery clerk's tax sale conveyance granted the right of immediate possession regardless of adverse claims to title under Mississippi Code Annotated section 27-45-23 (Rev. 2017).[6] Further, Rebuild argued that the

---

Miss. Code Ann. § 11-25-103.

[5] We cannot determine from the record whether Rebuild filed this prior suit to confirm title or for unlawful entry and detainer.

[6] This section provides:

When the period of redemption has expired, the chancery clerk shall, on demand, execute deeds of conveyance to individuals purchasing lands at tax sales. Which conveyances shall be essentially in the following form to wit:

"State of Mississippi, County of _____
Be it known, that _____, tax collector of said county of _____, did, on the _____day of _____, A.D.

4

IRS did not have any interest in the property at the time of its deed to Colomb because it only could convey what it owned, which was merely a "Certificate of Sale of Seized Property" issued on October 15, 2007. Also, Wachovia's tax deed of October 1, 2007, pre-dated that certificate. Thus, Rebuild argued that the IRS had no interest in the property, which was now owned by Wachovia. Rebuild further argued that there was no three-year statute of limitations on the filing of an unlawful entry and detainer action in section 11-25-103, as the Estate suggested. Rebuild pointed to the use of the language "may" in the statute and argued that it merely gave Rebuild the option of filing within that time if it wanted to ensure that no challenge to its tax title could be made thereafter. Rebuild argued that it had one year from

> _____, according to law, sell the following land, situated in said county and assessed to _____ to wit: _____ (here describe the land) _____ for the taxes assessed thereon (or when sold for other taxes it should be so stated) for the year A.D. _____, when _____ became the best bidder therefor, at and for the sum of _____ dollars and _____ cents; and the same not having been redeemed, I therefore sell and convey said land to the said _____
>
> Given under my hand, the \_\_\_\_ day of _____, A.D. _____
> _____ Chancery Clerk."
>
> Such conveyance shall be attested by the seal of the office of the chancery clerk and shall be recordable when acknowledged as land deeds are recorded, and such conveyance shall vest in the purchaser a perfect title with the immediate right of possession to the land sold for taxes. No such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place. If any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appears that before sale the amount legally chargeable on the land was paid or tendered to the tax collector.

Miss. Code Ann. § 27-45-23.

the date of the denial of possession to file suit under Mississippi Code Annotated section 11-25-101 (Rev. 2019).[7] Because it sent Colomb a letter on May 17, 2016, seeking possession, Rebuild argued that it timely filed suit within one year of Colomb's refusal to comply.

¶7.     On March 1, 2018, the county court heard arguments on the matter.[8] According to Rebuild, "[a] hearing was held on [the] complaint . . . , [a]nd the [county] court relied solely on argument and exhibits presented by the parties in their respective briefs." There is no record or transcript of the hearing. In a bench ruling, the county court dismissed Rebuild's complaint with prejudice.

¶8.     On April 18, 2018, Rebuild filed a "Motion For Findings of Fact and Conclusions of Law," pointing out that no record of the proceedings had been made and that the proposed order on the bench ruling did not contain any findings of fact or conclusions of law. The

---

[7] This section provides:

> Anyone deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed.

Miss. Code Ann. § 11-25-101.

[8] While there is reference of a hearing being held by the county court, the record on appeal contains no transcript of any hearing or documents relied on by the court and no testimony or argument of counsel. We take notice that, as a result, the circuit court also had no record or transcript on which to base its affirmation of the county court's ruling.

6

Estate responded that although Rule 52 of the Mississippi Rules of Civil Procedure stated that if a matter is tried without a jury, the court shall issue findings of fact and conclusions of law, the court dismissed Rebuild's complaint as a matter of law. The court did not hear testimony and decided the case based on the arguments of counsel and the pleadings.

¶9. The county court held a hearing on Rebuild's motion and then denied the motion by a written order on May 20, 2019. There was no record of these oral arguments either. Thereafter, on May 23, 2019, the county court issued a written order dismissing Rebuild's complaint. The order did not include findings of fact or conclusions of law and did not provide guidance as to why the court dismissed the complaint.

¶10. On June 19, 2019, Rebuild filed a notice of appeal with the Hinds County Circuit Court.[9] In a brief dated December 30, 2020, Rebuild did not request oral argument and made the same arguments to the circuit court that it had presented to the county court.

¶11. On December 31, 2020, the circuit court affirmed the county court's ruling, noting that the county court had heard the arguments of counsel and reviewed all documents received into evidence, including the tax assessor's and tax collector's documents and chancery court's orders in cause number G-2007-2198. The circuit court affirmed the orders without making any further findings of its own.

¶12. On January 11, 2021, Rebuild filed a motion for rehearing, pointing out that the circuit court had issued its ruling just one day after Rebuild had filed its brief and before the Estate

---

[9] Rebuild filed an amended notice of appeal that same day, on June 19, 2019, giving notice of its intent to appeal the county court's May 20, 2019 order denying its motion for findings of fact and conclusions of law.

7

filed any responsive brief. Rebuild argued that the only evidence in the record confirmed that Rebuild had good title and that the IRS had no interest in the property when it issued a quitclaim deed to Colomb. Rebuild also argued that the circuit court had no authority to consider any argument contrary to Rebuild's contentions because the Estate had not filed a responsive brief. Given that there were no findings of fact or conclusions of law that would show the basis for the county court's ruling, Rebuild pressed its argument that it had a valid tax deed and was entitled to possession, and Rebuild again requested the circuit court to reverse the county court's orders.

¶13.    On January 28, 2021, the circuit court denied Rebuild's motion for rehearing, pointing out that Rebuild had only asked if briefs would be required, to which the court responded they would not but that Rebuild could bring any relevant law to the court's attention if it desired. Rebuild chose to do so, but the circuit court still denied its motion for rehearing.

¶14.    In the appeal before this Court, Rebuild raises the following issues: (1) whether the circuit court erred by affirming the county court's order dismissing Rebuild's complaint with prejudice, and (2) whether the circuit court erred in affirming the county court's order denying Rebuild's motion for findings of fact and conclusions of law. After reviewing the record, we reverse the circuit court's orders and remand this case to the circuit court with instructions for it to remand the case to the county court to conduct a hearing on the record and provide specific findings of fact and conclusions of law.

**STANDARD OF REVIEW**

¶15.    When reviewing an appeal from a county court judgment, "[t]he county court was the

8

fact[-]finder, and the circuit court, as well as this Court, are bound by the judgment of the county court if [it is] supported by substantial evidence and not manifestly wrong." *Stevens v. Grissom*, 214 So. 3d 298, 300 (¶6) (Miss. Ct. App. 2017). Further, we give "the judgment of a circuit or county court in a non-jury trial . . . the same deference on appeal as a chancery court decree." *Id.*; *accord Woodkrest Custom Homes Inc. v. Cooper*, 108 So. 3d 460, 464 (¶10) (Miss. Ct. App. 2013) ("A [county] court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor."). On appeal, "the [county court] judge's findings will be upheld . . . 'so long as the ruling is supported by substantial, credible, and reasonable evidence.'" *Woodkrest*, 108 So. 3d at 464 (¶10) (quoting *Callahan v. Ledbetter*, 992 So. 2d 1220, 1230 (¶25) (Miss. Ct. App. 2008)). Questions of law are reviewed de novo. *Id.* (citing *Warren v. Derivaux*, 996 So. 2d 729, 735 (¶10) (Miss. 2008)).

## DISCUSSION

¶16.    Rebuild claims that the circuit court erred by failing to instruct the county court to provide findings of fact and conclusions of law pursuant to Rule 52 of the Mississippi Rules of Civil Procedure after being requested to do so. Based on the circuit court's failure to instruct the county court to provide findings of fact and conclusions of law, Rebuild contends that the judgment has no factual or legal basis.

¶17.    Rebuild's contention is well taken. Mississippi Rule of Civil Procedure 52 provides that "[i]n all actions tried upon the facts without a jury the court may, and shall upon request of any party to the suit . . . , find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly." M.R.C.P. 52(a); *accord Stowe v.*

9

*Edwards*, 331 So. 3d 24, 32 (¶30) (Miss. Ct. App. 2021).[10] The Advisory Committee Notes explain that "[g]eneral findings of fact and conclusions of law may technically comply with Rule 52's requirements despite a party's request for specific findings of fact and conclusions of law." M.R.C.P. 52 advisory committee notes (citing *Lowery v. Lowery*, 657 So. 2d 817, 819 (Miss. 1995)). However, "[i]f a trial court fails to make even general findings of fact and conclusions of law when specific findings of fact and conclusions of law are requested by a party, remand to the trial court may be necessary unless the evidence is so overwhelming so as to make findings unnecessary." *Id.* (citing *Lowery*, 657 So. 2d at 819). "The principal purpose of the rule is to provide the appellate court with a record regarding what the trial court did—the facts it found and the law it applied . . . ." *Id.*

¶18.    The dissent, applying de novo review, would affirm the circuit court's judgment affirming the county court's dismissal based on the dissent's finding of lack of jurisdiction. Specifically, the dissent notes:

> [T]his Court's decision on appeal does not turn on or require approval or disapproval of the precise reasoning that the circuit court gave for its ruling. This Court "*may* affirm a [circuit] court if the correct result is reached, even if the [circuit] court reached the [correct] result for the wrong reasons." *Methodist Hosp. of Hattiesburg Inc. v. Richardson*, 909 So. 2d 1066, 1070 (¶7) (Miss. 2005).

(Emphasis added) (quoting *Stroud v. Progressive Gulf Ins. Co.*, 239 So. 3d 516, 526 (¶31) (Miss. Ct. App. 2017)).  While we can affirm under a de novo review, we are not required

---

[10] The dissent maintains that Mississippi Rules of Civil Procedure Rule 52 is inapplicable to this case because it only applies to "actions tried upon the facts without a jury." However, neither party raised this issue on appeal but instead provided substantive arguments and authority as to why Rule 52 should or should not have been applied.

to do so. Despite the assertion that our decision "does not turn on or require approval or disapproval of the precise reasoning that the circuit court gave for its ruling[,]" here, as the dissent points out, the record was "woefully deficient," and we cannot determine whether the county court or circuit court dismissed the complaint for correct or incorrect reasons, much less for lack of jurisdiction. Even under a de novo review, Mississippi Rule of Civil Procedure 52(a) still requires, not suggests, that if a party requests findings of fact and conclusions of law, the court shall oblige.

¶19.     Here, we find reversal and remand are appropriate. "Before we may consider whether a trial court committed manifest error[,] it must tell us what it did. Similarly, before we may consider whether the record contains substantial evidence consistent with the trial court's findings, we must know what those findings are." *Pace v. Owens*, 511 So. 2d 489, 491 (Miss. 1987). "We strive mightily to respect limitations upon our role where appeals are taken regarding issues of fact. The process breaks down, however, where the trial court sitting without a jury does not independently make findings of fact." *Tricon Metals & Servs. v. Topp*, 516 So. 2d 236, 239 (Miss. 1987). Our supreme court has stated:

> [I]n cases of any complexity, tried upon the facts without a jury, the court generally should find the facts specifically and state its conclusions of law thereon. Where a case is hotly contested and the facts greatly in dispute and where there is any complexity involved therein, failure to make findings of ultimate fact and conclusions of law will generally be regarded as an abuse of discretion.

*Americrete Inc. v. W. Ala. Lime Co.*, 758 So. 2d 415, 418 (¶12) (Miss. 2000) (internal quotation marks omitted) (quoting *Tricon*, 516 So. 2d at 239). "Failure to provide this Court with findings of fact and conclusions of law precludes us from performing our appellate

11

duties." *Fulop v. Suta*, 847 So. 3d 893, 895 (¶4) (Miss. Ct. App. 2002).

¶20.    We cannot say that the evidence is overwhelming so as to obliterate the necessity for findings of fact. We have no record of the parties' arguments, no bench ruling to analyze, and no findings of fact or conclusions of law to review. Further, in their briefs, neither party states what the circuit court ruled, only that the complaint had been dismissed. The circuit court failed to provide the basis for its affirmation of the county court's judgment, which would have allowed this Court to make a determination on the issues raised on appeal. Furthermore, we can find nothing in the record to indicate what, if any, documents were admitted into evidence. Therefore, we reverse the circuit court's judgment and remand the case with instructions for it to remand the case to the county court to make specific findings of fact and conclusions of law.

¶21.    Because the record is inadequate for this Court to review due to the county court's failure to provide findings of fact and conclusions of law, we decline to address Rebuild's first assignment of error.

¶22.    Furthermore, we must note that while there is reference to a hearing being held by the county court, the record on appeal contains no transcript of any hearing or documents relied on by the court and no testimony or argument of counsel. As a result, the circuit court also had no record or transcript on which to base its affirmation of the county court's ruling. "This Court may only act on the record presented to it." *Scott v. State*, 24 So. 3d 1039, 1041 (¶9) (Miss. Ct. App. 2010) (citing *Oakwood Homes Corp. v. Randall*, 824 So. 2d 1292, 1293 (¶4) (Miss. 2002)). As the reviewing court, we must "decide each case by the facts shown in the

12

record, not assertions in the brief." *Id*. (quoting *Randall*, 824 So. 2d at (¶3)). Rebuild designated the transcript from the hearing as a part of the record on appeal, but the record contains no such transcript. While the clerk's certificate does not state whether a court reporter prepared the transcript, it does certify that the record submitted was a true and correct copy of all the pleas and proceedings done in the case of "Rebuild America Inc. v. Mark A. Colomb and/or Current Occupants." Therefore, we reverse the judgment and effectively remand this case for a hearing consistent with this opinion. The record here is insufficient for this Court to determine exactly what the county court based its ruling upon.

## CONCLUSION

¶23. After review, we reverse the judgment and remand this case to the circuit court with instructions for it to effectively remand the case to the county court to conduct a hearing on the record and provide specific findings of fact and conclusions of law as required under Rule 52 of the Mississippi Rules of Civil Procedure.

¶24. **REVERSED AND REMANDED.**

**LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., CARLTON AND WILSON, P.JJ.; McDONALD, J., JOINS IN PART.**

**EMFINGER, J., DISSENTING:**

¶25. The majority reverses and remands this case for the county court to conduct a hearing on the record and provide specific findings of fact and conclusions of law as required under

Rule 52 of the Mississippi Rules of Civil Procedure.[11] While I agree with the majority that the record of the proceedings before the county court is woefully deficient, upon a de novo review of the record, I would affirm the dismissal of the "Complaint in Unlawful Entry and Detainer."

¶26. Rebuild filed a "Complaint in Unlawful Entry and Detainer" on May 1, 2017, in the County Court of the First Judicial District of Hinds County, Mississippi. The Defendants were identified as Mark A. Colomb or current occupant(s). The complaint sought a judgment awarding Rebuild immediate possession of certain real property located at 500 E. Woodrow Wilson, Lot M, Jackson, Mississippi. Rebuild claimed the right to possession through a "Quitclaim Deed and Assignment" conveying it title to the subject real property. The deed was recorded in the office of the chancery clerk on November 7, 2007. A copy of the deed was attached to the complaint. A Fiat was issued, setting the hearing on the complaint for June 15, 2017.

¶27. Apparently, a summons was issued for Mark A. Colomb, but it was returned un-executed on June 13, 2017. On June 14, 2017, "My Brother's Keeper, Inc." (MBK) filed a motion for a continuance of the hearing. In this motion, MBK identified itself as the current occupant of the premises and argued that it had not been properly served with process. The

---

[11] Rule 52 is applicable to "all actions tried upon the facts without a jury." There is nothing in the record to suggest that the county court conducted a bench trial, heard *any* testimony or, based upon sworn testimony, made a decision on the merits in favor of the defendants. Instead, after reviewing the filings by the parties, the county court heard the arguments of counsel and dismissed the plaintiff's complaint. Therefore, I would find that Rule 52 is not applicable to this case.

14

motion states that process was taped to the door of the premises on June 12, 2017.[12] On that same day, Rebuild filed a response objecting to a continuance. In this response, Rebuild maintained that the building was vacant, there was no power or air conditioning in the building, and the building was uninhabitable. The next document in the court file is a notice by Rebuild resetting the hearing for October 19, 2017.

¶28.   On October 19, 2017, there was a hearing before the county court. The court heard arguments from Rebuild, MBK, and an attorney for the Estate of Mark A. Colomb (Estate). An order was entered on November 2, 2017, showing that the result of the hearing was to continue the hearing on the complaint until December 7, 2017. The order specifically states that the continuance was granted in order for Rebuild to serve the attorney for the Estate and for the parties to all file briefs in support of their respective positions. The order concluded as follows:

> ORDERED AND ADJUDGED, that the parties are not required to appear on December 7, 2017 to provide oral argument but may elect to do so after which the Court will rule on the matter.

¶29.   On November 22, 2017, the Estate filed its "Brief in Opposition to the Plaintiff's Complaint for Unlawful Entry and Detainer."[13] In this response, the Estate made the following arguments:

---

[12] Mississippi Code Annotated section 11-25-109 (Rev. 2019) requires that the defendant be served with process at least five days before the hearing.

[13] Pursuant to Mississippi Code Annotated sections 11-25-101, 11-25-109 and 11-25-111 (Rev. 2019), proceedings in county court for unlawful entry and detainer are "summary" in nature and no written answer is required for the matter to proceed. The issue is to be "tried by the judge without the intervention of the jury." Miss. Code Ann. § 11-25-111.

15

A. The Estate had not been named as a party and was not properly before the court.[14]

B. That Rebuild did not have standing to bring this action because the action had not been brought timely pursuant to Section 11-25-103.

C. The issues raised are not over possession, but over title and should be addressed in Hinds County Chancery Court.

The Estate maintained that Rebuild did not have valid title and argued that the Estate held title to the subject property by a quitclaim deed that was properly recorded in the office of the chancery clerk on August 21, 2008. The Estate alleged that Mark Colomb had obtained a deed to the subject property, had maintained undisturbed possession of the subject property for nine consecutive years, and had paid ad valorem taxes on the subject property since 2009. Copies of the quitclaim deed and tax records were attached to the brief. As a result, the Estate argued that the issue of title should be addressed in the chancery court and that the complaint herein should be dismissed.[15]

¶30. On November 23, 2017, Rebuild filed its brief in support of its complaint. Rebuild argued that because its title derived from a tax-sale purchaser, under the applicable statutes, Rebuild was entitled to immediate possession of the property. Rebuild further argued that the Estate received no interest in the subject property as a result of the quitclaim deed it received

---

[14] While it is clear that the matter of Mark A. Colomb's death was brought to the attention of the court and Rebuild, there was no suggestion of death filed of record and no record of the substitution of the Estate as a party, as required by Mississippi Rule of Civil Procedure 25(a).

[15] MBK joined in the Estate's brief. MBK claimed no title to the property and alleged its possessory interest came through the Estate.

16

because the grantor therein had no title.[16]

¶31. The date for oral argument was reset to March 1, 2018, and Rebuild contends that the county court judge ruled from the bench that day. Thereafter, on May 22, 2018, the county court judge signed an order to dismiss with prejudice the "Complaint for Unlawful Entry and Detainer." Rebuild appealed to the circuit court, which affirmed the county court's decision. Rebuild now appeals to this Court for relief.

¶32. On appeal, we must apply a de novo standard of review of the dismissal of a complaint for lack of jurisdiction or for failure to state a claim for which relief can be granted. *See State ex rel. Fitch v. Yazaki N. Am. Inc.*, 294 So. 3d 1178, 1184 (¶16) (Miss. 2020); *Sallis v. Sallis*, 860 So. 2d 824, 825 (¶2) (Miss. Ct. App. 2003). In *Stroud v. Progressive Gulf Insurance Co.*, 239 So. 3d 516, 526 (¶31) (Miss. Ct. App. 2017), this Court explained:

> [T]his Court's decision on appeal does not turn on or require approval or disapproval of the precise reasoning that the circuit court gave for its ruling. This Court "may affirm a [circuit] court if the correct result is reached, even if the [circuit] court reached the [correct] result for the wrong reasons." *Methodist Hosp. of Hattiesburg Inc. v. Richardson*, 909 So. 2d 1066, 1070 (¶7) (Miss. 2005).

¶33. The county court's "Order of Dismissal" contains no explanation of, or reasons for, the dismissal of the complaint. Apparently there was no testimony offered or taken in this matter. On March 1, 2018, there was no record made of the parties' arguments before the court or the court's ruling from the bench. We have only the documents contained in the

---

[16] Rebuild filed a second brief on November 30, 2017, to further rebut the Estate's claims.

clerk's papers to review to determine whether the complaint was properly dismissed.

¶34. Rebuild filed its complaint claiming it was the owner of the subject property and was entitled to immediate possession of the property. Rebuild based its claim upon the quitclaim deed that it received from the purchaser of the subject property at a tax sale. The Estate responded that Colomb was the owner of the subject property based upon a quitclaim deed he had received from the Internal Revenue Service. Further, the Estate alleged that he had possessed the subject property and paid taxes on the property for the nine years since he received the deed. Therefore, based upon the briefs and documents filed with the county court, this case became a battle between competing title interests. This case clearly was not a situation where Rebuild sought to evict a "tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession," as anticipated by section 11-25-101.

¶35. In *Gandy v. Citicorp*, 985 So. 2d 371, 373 (¶7) (Miss. Ct. App. 2008), we described the action provided by this statute as follows:

> An action for unlawful entry and detainer is meant to be a summary remedy. It exists to provide a party the ability to obtain possession of a piece of property when another party withholds possession *after his claim of right has expired*. Miss. Code Ann. § 11-25-1.

(Emphasis added). And in *White v. Usry*, 800 So. 2d 125, 128 (¶11) (Miss. Ct. App. 2001), this Court said:

> These suits are by statute given to justice courts and, if one exists in the jurisdiction, county courts. Miss. Code Ann. §§ 9-9-21(1), 11-25-5, & 11-25-105 (1972 & Supp. 2000). Such suits cannot determine title, as they are summary proceedings *meant only to evict someone who without claim of right is depriving the owner of possession of some part of his property. Tate v. Tate*,

18

64 So. 2d 908, 910 (1953).

(Emphasis added).

¶36. Rebuild maintains, and I agree, that an unlawful entry and detainer action seeks to obtain possession of property, not to litigate title ownership of property. In this case, however, the Estate does not base its right to possess the subject property on any limited right it obtained from or through Rebuild that has now expired. Instead, the Estate contends that it owns the subject property. Rebuild is not trying to evict someone "*after his claim of right has expired*" or who is "*without claim of right.*" Rebuild is trying to evict someone who claims to own title to the subject property.

¶37. These same circumstances occurred in *White*:

> Usry filed the unlawful entry and detainer action. White filed a counter claim asserting ownership of the Usry property by deed, ownership by adverse possession, and requesting that title be quieted and clear in themselves. Once White himself claimed title, the county judge found that he had no jurisdiction. The judge held that the suit had been transformed into one to confirm or quiet title and he transferred the case to chancery court.

*Id*. at (¶12). In the present case, the same conflict evolved when the Estate filed its responsive brief and attached the quitclaim deed through which it claimed ownership of the subject property. The Estate argued that the issue was who has title to the subject property. Since the county court does not have jurisdiction to determine ownership, the Estate argued that the complaint should be dismissed so that ownership could be addressed in the chancery court.

¶38. In *Harvey v. Federal National Mortgage Ass'n*, 200 So. 3d 461, 465 (¶16) (Miss. Ct. App. 2016), this Court acknowledged the jurisdictional differences:

> While an action for unlawful entry and detainer is properly filed in justice

19

court, an action to determine ownership of the property must be filed in chancery court. *Id*.; Miss. Const. art. 6, § 160; *see also Graves v. Dudley Maples L.P.*, 950 So. 2d 1017, 1022 (¶22) (Miss. 2007) (chancery court has jurisdiction over matters involving property).

(Footnote omitted). I would find that once the Estate claimed title to the subject property, the county court did not have jurisdiction to decide the ownership of the property. The chancery court must determine ownership. Because I would find that the complaint was properly dismissed for lack of jurisdiction, I would affirm the circuit court's judgment affirming the county court's dismissal.[17]

**BARNES, C.J., CARLTON AND WILSON, P.JJ., JOIN THIS OPINION. McDONALD, J., JOINS THIS OPINION IN PART.**

---

[17] Based upon the authority of *Stroud v. Progressive Gulf Insurance Co.*, *see supra* ¶32, the reason(s) for the county court's dismissal are not relevant to our de novo review. Because I find the record is sufficient to affirm the dismissal, it would serve no purpose to send the matter back to county court for further explanation.